```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

BRUCE BERNARD TOWNSEND,          )
                                 )
          Plaintiff,             )
                                 )
     v.                          ) Civil Action No. 06-0149 RMU
                                 )
WARDEN JOSE VASQUEZ, et al.,     )
                                 )
          Defendants.            )
                                 )
```

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants hereby move, pursuant to Fed. R. Civ. P. 6(b), 26 and 30(d), for a protective order, staying discovery in this action until after resolution of dispositive motions in the case. Plaintiff, a _pro se_ prisoner, was not contacted to determine his position on this motion.[1]  Should this motion be denied, Defendants alternatively ask for more time to respond to Plaintiff's discovery.   The Court is respectfully referred to the attached memorandum in support of this motion.

---

[1] Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing _counsel_."  It does not require counsel to discuss such motions with pro se parties. Nonetheless, it has been the general practice of this Office to attempt to discuss such motions with nonprisoner, pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a).  The latter rule excludes prisoner pro se parties from the Court's meet-and-confer requirements.  Specifically, that Rule requires "[c]ounsel (including any _nonprisoner_ pro se party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a) (emphasis added).

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____/s/_____
RUDOLPH.CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. Bar #354530
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

```
                     UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLUMBIA

BRUCE BERMANARD TOWNSEND,      )
                               )
        Plaintiff,             )
                               )
     v.                        ) Civil Action No. 06-0149 RMU
                               )
WARDEN JOSE VASQUEZ, et al.,   )
                               )
        Defendants.            )
                               )
_____)
```

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER

On March 6, 2006, plaintiff filed Plaintiff's First Set of Rule 26 & Habeas Rule 6 Interrogatories in this case. Defendants' answer is not due until April 11, 2006.  It is likely that defendants will file a dispositive motion in this matter as it appears to be seeking Habeas Corpus relief. See Complaint.

Because the attempt to take discovery is premature (and largely, if not totally, irrelevant) Defendants ask the Court for an Order staying discovery.  Alternatively, should the motion be denied, Defendants ask for twenty days from resolution of this motion within which to respond to Plaintiff's discovery.

This Court has broad authority to regulate discovery and "should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979); see Fed. R. Civ. P. 26©.  It is particularly appropriate to stay discovery pending the outcome of dispositive motions.  See Brennan v. Local Union No. 639, International Brotherhood of

Teamsters, 494 F.2d 1092, 1100 (D.C. Cir. 1974), cert. denied, 429 U.S. 1123 (1977). When "the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions." O'Brien v. Avco Corp., 309 F. Supp. 703, 705 (S.D.N.Y. 1969).

Indeed, staying discovery pending resolution of a potentially dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." Coastal States Gas Corp. v. Department of Energy, 84 F.R.D. 278, 282 (D. Del. 1982), citing Westminster Investing Corp. v. G.C. Murphy Co., 434 F.2d 521, 526 (D.C. Cir. 1970).

Defendants anticipate filing a dispositive motion when the time for doing so comes. In the meanwhile, defendants ask that the Court stay all discovery. Should plaintiff be able to establish that discovery is appropriate upon review of the dispositive motion, the Court may reconsider the prospect of discovery. But, failing such a showing, this action should proceed without discovery.

```
                    Respectfully submitted,

                           /s/
                    _____
                    KENNETH L. WAINSTEIN, D.C. Bar #451058
                    United States Attorney

                           /s/
                    _____
                    RUDOLPH.CONTRERAS, D.C. Bar # 434122
                    Assistant United States Attorney

                           /s/
                    _____
                    CLAIRE WHITAKER, D.C. Bar # 354530
                    Assistant United States Attorney
                    United States Attorneys Office
                    555 4th Street, N.W., Room E-4204
                    Washington, D.C. 20530
                    (202) 514-7137
```

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing Defendants' Motion For Protective Order, supporting memorandum and a proposed order has been made by mailing copies thereof to:

Bruce Bernard Townsend
#09879-021
Jesup FCI
2650 HWY 301 South
Jesup, GA 31599

on this 7th day of April, 2006.

```
              /s/
_____
CLAIRE WHITAKER, D.C. Bar #354530
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7137
```