# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                    )
BRUCE BERNARD TOWNSEND              )
                                    )
    Plaintiff,                      )
                                    )    Civil Action No. 06-00149 (RMU)
    v.                              )
                                    )
JOSE VAZQUEZ, WARDEN, BOP, AND      )
ALBERTO GONZALEZ, ATTORNEY          )
GENERAL,                            )
                                    )
    Defendants.                     )
_____)

## DEFENDANT'S MOTION TO DISMISS OR TRANSFER

    Defendants, Jose Vazquez, Warden, the Bureau of Prisons and Alberto Gonzalez, Attorney General, hereby move this Honorable Court to dismiss this case, pursuant to Fed. R. Civ. R. 12(b)(1), (3) & (6). Grounds for this motion are set forth in the attached memorandum of points and authorities.[1] A proposed order is also attached.

---

[1] Plaintiff is pro se. Plaintiff is informed that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988). To the extent that this Court dismisses the action under Rule 12(b)(6) after viewing it as a motion for summary judgment, plaintiff should take notice that any factual assertions contained herein may be accepted by the Court as true unless the plaintiff submits affidavit or other documentary evidence contradicting the assertions in the documents on which defendants rely. Fed. R. Civ. P. 56 (e), provides as follows:

    (e) Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary

Respectfully yours,

\_\_\_\_/s/_____
KENNETH L. WAINSTEIN , D.C. Bar # 451058
United States Attorney

\_\_\_\_/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

\_\_\_\_/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

---

judgment, if appropriate, shall be entered against the adverse party.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUCE BERNARD TOWNSEND, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOSE VAZQUEZ, WARDEN, BOP, AND )<br>ALBERTO GONZALEZ, ATTORNEY )<br>GENERAL, )<br>)<br>Defendants. )<br>) | Civil Action No. 06-00149 (RMU) |

### MEMORANDUM IN SUPPORT OF
### DEFENDANT'S MOTION TO DISMISS OR TRANSFER

### I. Introduction

Plaintiff Bruce Bernard Townsend has filed a complaint challenging his conviction. He alleges that the U.S. District Court for the Southern District of Georgia in Savannah did not have jurisdiction to impose the sentence it imposed and his conviction is, therefore, unconstitutional. See R. 1 at Habeas Corpus Petition, p. 2 and attached Supporting Memorandum at pp. 2, 3, 11. Based on this claim, plaintiff alleges a continuous violation of the Privacy Act by defendants, i.e., the Attorney General of the United States, the Warden of his institution, and the Bureau of Prisons ("BOP"). He seeks correction of records in the BOP's Inmate Central File (ICF).

Specifically, in connection with his Privacy Act claim, plaintiff contends that the BOP based its determination of duration of his sentence on inaccurate information. R. 1, Supporting Memorandum at 2. The record he pinpoints for the allegedly wrongful computation of his sentence is the Judgment and Commitment Order ("J&C"). Id. He contends that the Sentencing Judge did not have jurisdiction to sentence him "for the drug amounts not found beyond a

reasonable doubt" and therefore the record, the J&C, is inaccurate and unconstitutional. Id. at 11. He seeks $209,000.00 in damages. R. 1, Habeas Corpus Petition at p. 7.

Because the complaint is captioned a habeas corpus petition, defendant submits that plaintiff has filed his complaint in the wrong court and dismissal or transfer is appropriate under Fed. R. Civ. P. 12(b)(3). To the extent that plaintiff's complaint is construed as a Privacy Act cause of action, his claim also fails because the BOP's maintenance of the records in question, the J&C, is pertinent to and within the scope of its statutory duty to execute federal criminal sentences. 18 U.S.C. § 3621; 18 U.S.C. § 4001; 18 U.S.C. § 4042. Moreover, the BOP has no authority to alter the judgment of a criminal court, and the challenged records are exempt from the amendment and accuracy provisions of the Privacy Act.

## II. Statutory Background

### A. Habeas Corpus

A prisoner can challenge his or her conditions of incarceration under the provisions of 28 U.S.C. § 2241. Under § 2241(a), an application for a writ of habeas corpus must be made wherein the restraint complained of is had. Id. (emphasis added). The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination. Id.

Under 28 U.S.C. § 2255, the sentencing court has the authority to set aside, vacate, or correct the sentence when a sentenced individual alleges that the sentence violates the constitution or that the court was without jurisdiction to impose the sentence. Plaintiff has

already filed a § 2255 claim in the U.S. District Court for the Southern District of Georgia.[1]

### B. Privacy Act

The Privacy Act of 1974, 5 U.S.C. § 552a, is legislation regulating the collection, maintenance, use and dissemination of personal information by federal executive branch agencies. It applies to documents maintained in a system of records.[2] The sentencing documents[3] of inmates are maintained in the Inmate Central File (ICF),[4] which is a system of records within the definition found in the Privacy Act. The plaintiff's J&C is a document prepared by the Sentencing Court and is maintained in the ICF. The BOP does not have the authority to amend or correct that record.

Of importance here is that the Privacy Act confers upon agencies the discretion to exempt records from different provisions of the Act within the limitations included in the statute. The

---

[1] It appears that plaintiff has previously filed a habeas corpus motion in the U.S. District Court for the Southern District of Georgia. See Attachment A, hereto (Docket Entries for that case, specifically #580). Undersigned counsel, however, has not been able to verify the contents of plaintiff's motion in that Court as the U.S. Courts website will not permit counsel to download the document. Should it be the same habeas corpus request, transfer would not be appropriate and a separate grounds for dismissal, i.e., res judicata, may also exist. Defendant will supplement this filing upon receipt and review of plaintiff's motion in the Georgia court.

[2] A system of records is defined by the Act as "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C.A. §552a (a)(5).

[3] A copy of the Judgment in a criminal case is maintained in Section One of the Inmate Central File. Program Statement 5800.11, Inmate Central File, Privacy Folder, and Parole Mini-Files, CN-01 page 6, section 9a (December 31, 1997).

[4] ICF is a six-part file prepared for sentenced inmates in custody and contains records divided in the following categories: (1) Sentence Data/Detainers/IFRP; (2) Classification/ Parole Material; (3) Mail, Visits, and Property, etc.; (4) Conduct, Work and Quarters Reports; (5) Release Processing; (6) General Correspondence. See Program Statement 5800.11, Inmate Central File, CN-01 page 4-5, section e.

3

Act specifically states,

>   j.   The head of any agency may promulgate rules, in accordance with the requirements (including general notice) of sections 553 (b)(1), (2) and (3), (C), and (e) of this title, to exempt any system of records within the agency from any part of this section except subsections (b), (c)(1) and (2), (e)(4)(A) through (F), (e)(6), (7), (9), (10), and (11), and (I), if the system of records is:
>   (2)   maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including . . . correctional, probation, pardon, or parole authorities, and which consists of . . . *A) information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status; (B) information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; or ( C) reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.*

5 U.S.C. § 552a(j)(2).

The agency's exemption authority is limited to those sections excluded from 552a(j). Pursuant to 552a(j), the BOP has exempted a number of its records from the amendment and accuracy provisions in 552a(d) and (e)(5), respectively, including the Inmate Central File. These exemptions have been codified in the Code of Federal Regulations. 28 C.F.R. § 16.97 (a) and (j).

4

### III.  ARGUMENT

**A.     Standard of Review.**

**1. Fed. R. Civ. P. 12(b)(1)**:

Under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction. "[A] Rule 12(b)(1) motion imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Fowler v. District of Columbia, 122 F.Supp.2d 37, 39 (D.D.C. 2000). If jurisdiction has not been established, the Court must dismiss the action. In determining the scope of the jurisdiction, it is sometimes necessary for the court to look to matters outside the pleadings. Battle v. Rubin, 121 F.Supp.2d 4, 6 (D.D.C. 2000); Fowler, 122 F.Supp.2d at 40.

**2. Fed. R. Civ. P. 12(b)(3).**

The venue provisions of 28 U.S.C. §§ 2241 dictate that habeas corpus relief shall be granted in the district court of the district wherein the restraint complained of is had.  Proper venue for plaintiff's habeas corpus claim is in the U.S. District Court for the Southern District of Georgia, not the District of Columbia.

**3. Fed. R. Civ. P. 12(b)(6).**

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Thomas v. City Lights School, Inc., et al., 124 F.Supp.2d 707, 708 (D.D.C. 2000) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Plaintiff's factual allegations must be accepted as true when reviewing the adequacy of the complaint pursuant to Fed. R. Civ. 12(b)(6). Hill v. City of New York, 45 F.3d 653, 657 (2d Cir. 1995).  A Rule 12(b)(6) motion

5

may be converted into a summary judgment motion pursuant to Fed. R. Civ. P. 56 when matters outside the pleadings are considered.

### A. Plaintiff's Habeas Corpus Petition Should be Dismissed under Rule 12(b)(3).

The Plaintiff files this habeas corpus petition under 28 U.S.C. § 2241, challenging the jurisdiction of the Sentencing Court and stating that his sentence is unconstitutional. See Supporting Memorandum at pp. 2-6. This Court does not have jurisdiction to entertain this aspect of the plaintiff's complaint.

Section 2241 states that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit shall be entered in the records of the district court of the district wherein the restraint complained of is had." 28 U.S.C. § 2241 (emphasis added); see also Martin v. Perez, 319 F.3d 799, 803 (6th Cir. 2003) (recognizing that a petition for habeas corpus must be filed in the district court that has jurisdiction over a prisoner's place of confinement). It is "well-settled that the appropriate defendant in a habeas action is the custodian of the prisoner," and that "'[a] district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner.'" Chatman-Bey v. Thornburgh, 864 F.2d 804, 810 (D.C. Cir. 1988) (en banc) (citations omitted); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494 (1973); Razzoli v. Federal Bureau of Prisons, 230 F.3d 371, 376 (D.C. Cir. 2000); Guerra v. Meese, 786 F.2d 414, 415 (D.C. Cir. 1986) (court may not entertain habeas action unless it has personal jurisdiction over the prisoner's custodian) "[T]he proper defendant in federal habeas cases is the warden." Chatman-Bey, 864 F.2d at 811; see also 28 U.S.C. § 2241; In re Tripati, 836 F.2d 1406, 1407 (D.C. Cir. 1988); Guerra, 786 F.2d at 416-17; Ozoanya

v. Reno, 968 F. Supp. 1, 8 (D.D.C.).

Personal jurisdiction over the warden would be where he resides, i.e., in Georgia. Therefore, plaintiff's habeas corpus action should be maintained in Georgia. 28 U.S.C. § 2241(a).

Under 28 U.S.C. § 2255, the Sentencing Court has the authority to set aside, vacate, or correct the sentence when a sentenced individual alleges that the sentence violates the constitution or that the court was without jurisdiction to impose the sentence. In his petition, the plaintiff asks the court not to construe this claim under § 2255. In any event, he has already pursued a § 2255 claim the U.S. District Court in Georgia. See Attachment 1, hereto.

The Privacy Act does not have any accuracy requirements for Court-issued documents. See 5 U.S.C. § 552a(1). Courts are federal entities outside of the executive branch and thereofre not deemed agencies within the definition of the Privacy Act. See e.g. Standley v. Dep't of Justice, 835 F.2d 216, 218 (9th Cir. 1987); In re Adair, 212 B.R. 171, 173 (Bankr. N.D. Ga. 1997). Thus, the plaintiff's allegations regarding the J&C cannot be reviewed under the Privacy Act. Accordingly, those allegations should be dismissed with prejudice.

**B. Plaintiff Privacy Act Claims Should be Dismissed as the BOP Has Exempted its Inmate Central File ("ICF") from the Amendment Provisions of the Privacy Act.**

Although in his complaint the plaintiff does not mention any section of the Privacy Act as the basis of his complaint, he requests that the records, presumably his allegedly unconstitutional J&C, be corrected. See e.g., R. 1 Habeas Petition at p. 7. By doing so, he is seeking relief under 552a(d), the amendment provision of the Privacy Act.

The J&C is in the BOP's Inmate Central File ("ICF"). BOP has exempted the ICF from the amendment provision of the Privacy Act. 5 U.S.C. § 552a(d); see also Fendler v. United

7

States Bureau of Prisons, 846 F.2d 550 (9th Cir.1988); Meyer v. Federal Bureau of Prisons, 940 F.Supp. 9 (D.D.C., 1996); 4 U.S.C. § 552a(j)(2); 28 C.F.R. § 16.97(a); Sellers v. Bureau of Prisons, 959 F.2d 307, 309 (D.C. Cir. 1992).

The ICF is also exempted from 552a(g), which refers to civil remedies. Thus, an individual cannot seek an amendment to his or her ICF through the Privacy Act, and is not entitled to any civil remedies, including monetary awards of the kind sought by this plaintiff. See Deters v. U.S. Parole Comm'n, 85 F.3d 655, 660 (D.C. Cir. 1996); Laningham v. U.S. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987).

### C. Even if Plaintiff's Privacy Act Claim was Viable He has Failed to Establish a Cause of Action.

Even if plaintiff's Privacy Act claim were to survive, he cannot establish the following four elements: (1) that there was an adverse determination; (2) that the agency failed to maintain plaintiff's records with the degree of accuracy necessary to ensure fairness in the determination made; (3) that the agency's failure to do so was the proximate cause of the adverse determination, and (4) that the agency acted intentionally and willfully. Armstrong v. United States Bureau of Prisons, 976 F.Supp. 17, 22, aff'd 1998 WL 65543 (1997).

First, the Plaintiff fails to state how he has been adversely affected by his J&C. He only makes the conclusory statement that "inaccurate records" are having an adverse effect on him. R. 1, Habeas Petition at 7. Secondly, plaintiff has failed to show how the agency failed to maintain accurate records and how the maintenance of the J&C in his inmate file proximately caused an adverse decision concerning him. Finally, plaintiff cannot establish that maintaining the J&C was willful or intentional. Andrews v. Veterans Admin. of U.S., 838 F.2d 418 (10th Cir. 1988). Plaintiff must show conduct that is greater than gross negligence; that "[t]he violation

[was] so patently egregious and unlawful that anyone undertaking the conduct should have known it to be unlawful." Armstrong v. United States Bureau of Prisons, 976 F.Supp. at 22. The BOP's actions in this case do not reflect gross negligence or patently egregious conduct. At most, BOP used the information in the J&C to calculate the inmate's sentence and followed the guidelines outlined in BOP policy to complete the plaintiff's sentence computation; thus, there was no violation to the Privacy Act. Id. (". . , defendant simply followed the BOP guidelines . . . Accordingly, defendant's alleged conduct described in Plaintiff's affidavit does not amount to the level of egregious and unlawful behavior and thus does not set forth a claim under the Privacy Act for which the Court can grant relief.")

### C. The Named Defendants Should Be Dismissed.

To the extent that plaintiff has alleged violations of the Privacy Act by the named defendants, dismissal is appropriate.

The Privacy Act specifically indicates that " . . . the individual may bring a civil action against the agency . . ." 5 U.S.C. §552a(g)(1). Therefore, it does not provide for claims against individual defendants. See Armstrong v. United States Bureau of Prisons, supra, 976 F.Supp. at 23 (wherein the District Court of the District of Columbia recognized that the Privacy Act only allows a claim against the agency and "[t]he term agency does not include individual officers or employees of an agency."); Harrison v. Federal Bureau of Prisons, Civil Action No. 03- 2594 (D.C. 2004)(where the Court dismissed *sua sponte* the Privacy Act complaint against individual defendants). See also Mangino v. Department of the Army, et al., 1994 WL 477260, 9 (D. Kan. 1994)(stating that ". . . [a]ny Bivens claims that plaintiff might have with respect to the [privacy claim] are barred by the Privacy Act.

9

### D. Plaintiff Has Not Demonstrated Actual Damages.

In an action for damages under the Privacy Act, a plaintiff must demonstrate actual damages. The plaintiff in this case has failed to demonstrate that he sustained any damages as a result of the allegedly willful and intentional actions of the BOP which violated the Privacy Act. As a result, the plaintiff is not entitled to any relief, monetary, prospective, or injunctive. Clearly, the plaintiff was not affected by an adverse action as a result of the actions by BOP staff. Even if he had been adversely affected, an adverse action in itself does not satisfy the mandate of the Privacy Act in an action seeking monetary damages. Indeed, the Privacy Act requires that in order to establish a cause of action the plaintiff must prove actual damages. The statute reads as follows:

> (4) In any suit brought under the Provisions of subsection (g)(1)( C) . . . in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of –
>
> > (A)   ***actual damages*** sustained by the individual as a result of the refusal or failure . . .

Section 552a(g)(4)(A) (emphasis added). The United States Supreme Court engaged in an analysis of the wording and legislative history of this Section and concluded that individuals adversely affected are not by virtue of the adverse action alone automatically entitled to recovery under the Act. Doe v. Chao, 540 U.S. 614, 620 (2004). A plaintiff seeking recovery under the Privacy Act must also establish actual damages. The Supreme Court explained the scope of the damage provision as follows:

> . . . When the statute gets to the point of guaranteeing the $1,000 minimum, it not only has confined any eligibility to victims of adverse effects caused by intentional or willful actions, but has provided expressly for liability to such victims for ***'actual damages sustained.'*** It has made specific provision, in other words, for what a victim within the limited class may recover. When the very next clause of the sentence containing the

10

> explicit provision guarantees $1,000 to a 'person entitled to recovery,' the simplest reading of that phrase looks back to the immediately preceding provision for recovering actual damages, which is also the Act's sole provision for recovering anything (as distinct from equitable relief). With such an obvious referent [sic] for 'person entitled to recovery' in the plaintiff who sustains 'actual damages,' theory is immediately questionable in ignoring the 'actual damages' language so directly at hand and instead looking for 'a person entitled to recovery' in a separate part of the statute devoid of any mention either of recovery or of what might be recovered.
>
> Nor is it too strong to say that [Plaintiff] does ignore statutory language. When [Plaintiff] reads the statute to mean that the United States shall be liable to any adversely affected subject of an intentional or willful violation, without more, he treats willful action as the last fact necessary to make the Government "liable," and he is thus able to describe anyone to whom it is liable as entitled to the $1,000 guarantee. But this way of reading the statute simply pays no attention to the fact that the statute does not speak of liability (and consequent entitlement to recovery) in a freestanding, unqualified way, but in a limited way, by reference to enumerated damages.

Id. The District Court for the District of Columbia had also enunciated that plaintiffs adversely affected by a willful and intentional action of an agency must prove actual damages. In Houston v. U.S. Dept. of Treasury, 494 F.Supp. 24 (D.D.C. 1979), the Court recognized that "[a]lthough the term 'actual damages' is not defined in the Act, Congress, concerned about the drain on the treasury created by a rash of Privacy Act suits, indicated its intention to limit 'actual damages' to 'out-of-pocket' expenses." Id. at 30; see Rice v. U.S., 211 F.R.D. 10, (D.D.C., 2002) (stating that "[p]laintiffs will have to prove 'actual damages' in order to prevail in this case--and indeed, before they get to that point, they will have to prove that the [agency] 'acted in a manner which was intentional or willful'").

Since plaintiff has not shown actual damages, he is not entitled to any relief, including monetary damages in this case.

In this case, clearly, the BOP has not violated any rights of the plaintiff. Moreover, the BOP has exempted the ICF from the Privacy Act amendment and accuracy provisions of the

11

Privacy Act.  See 67 Fed. Reg. 51,755-01, 51,754-01 (Effective August 9, 2002) (codified at 28 C.F.R. § 16.97(j) & (k)(2)). Thus, the plaintiff has failed to state a cause action under the Privacy Act.

## CONCLUSION

For the foregoing reasons, the Court should grant the BOP's motion to dismiss or transfer.

                      Respectfully yours,

                      /s/
                      KENNETH L. WAINSTEIN , D.C. Bar # 451058
                      United States Attorney

                      /s/
                      RUDOLPH CONTRERAS, D.C. Bar # 434122
                      Assistant United States Attorney

                      /s/
                      CLAIRE WHITAKER, D.C. Bar # 354530
                      Assistant United States Attorney
                      United States Attorneys Office
                      555 4th Street, N.W., Room E-4204
                      Washington, D.C. 20530
                      (202) 514-7137

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 11th day of April, 2006, that a copy of the foregoing motion to dismiss or transfer, was served by First-Class mail; postage prepaid to:

BRUCE B. TOWNSEND
#09879-021
Jesup FCI
2650 Highway 301 South
Jesup, GA 31599

            /s/
            CLAIRE WHITAKER
            Assistant United States Attorney
            555 Fourth Street, N.W.
            Civil Division
            Washington, D.C.  20530
            (202)514-7137