UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Bruce Bernard Townsend, sui juris
propria persona,
        Plaintiff,

CIVIL ACTION NO.06-0149RMU

-VS-

WARDEN JOSE VASQUEZ, et al.,
        DEFENDANTS.                /

OBJECTION TO PROTECTIVE ORDER
AND DISPOSITIVE MOTIONS IF EVER FILED

    Plaintiff Bruce Bernard Townsend, sui juris, propria persona comes now pro se' to move this Honorable Court to dismiss the Protective Order and a Dispositive Motion if filed otherwise than to proceed to Trial. Let this also serve as the invoking of a right to a jury determination.

    Plaintiff Bruce Bernard Townsend in the respect of Judicial Economy respects the position of the Defendants, but must object for the Defendants have not presented any defense to show that the Discovery filed will not provided any evidence to further prove that the B.O.P and Defendants are holding this (Plaintiff) unconstitutionally upon inaccurate records. The Defendants have not even taken the position that this action failed to state a claim for which relief could be granted, therefore the claims are uncontested and the Protective Order denied. (see U.S V. NIXON, 41 L.ED2D 1039(1974))

    The Defendants have failed to challenge even that judicial relief would be entitled as pursuant to the **Privacy Act. Therefore the anticipation of filing a dispositive motion should not be grounds enough to afford Protective Order. (see Westminster Investing Corp. v. G.C. Murphy Co., 434 F.2d 521(D.C.Cir1970) cited by the defendants)**

    Plaintiff Bruce Bernard Townsend for the record comes now in objection to a Dispositive Motion/Summary Judgement for Dismissal by Defendants based on the following **facts that support claim which would entitle Plaintiff to** relief.

RECEIVED
APR 17 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(1)

I.                      **FACTS THAT SUPPORT CLAIMS**
                         **WHICH WOULD ENTITLE RELIEF**

      This Plaintiff sets forth facts that establish that there are inaccurate records being used adversely against [him].

      Plaintiff's complaint is pursuant also to **A.P.A** as pursuant to the B.O.P's refusal to amend and correct its records. The challenge of a decision being adversely held against him. In respect to the rationale of Judicial decision **Plaintiff move to remove his claim for monetary damages, being that it is moot once records are corrected.**

      Plaintiff informed the B.O.P through several administrative remedies that [his] **custody has been previously INVALIDATED, by the Supreme Court and Congress.**

   A.)    **CUSTODY PREVIOUSLY INVALIDATED/MADE VOID BY THE SUPREME COURT**
                                  **AND CONGRESS**

      Plaintiff Bruce Bernard Townsend sui juris, propria persona asserts that when Congress gave the Supreme Court the Power, pursuant to **28USC§2072(a)**, to prescribe general rules of practice and procedures and rules of evidence for cases in the United States district courts, Congress also gave the Supreme Court the power to **repeal** all legislation contrary to said rules, pursuant to **28USC§2072(b)**, to wit:

> "(b) Such Rules shall not abridge, enlarge, or modify any substantial rights. All laws in conflict with such rules shall be of <u>no further force or effect after such rules have taken effect</u>". 28USC§2072(b)
> (Emphasis Added)

      As pointed out by Justice Marshal in <u>United States v. Wiltberger</u>, 5 Wheat (U.S)76,95, 5 L.Ed 37,46: "The Rule that penal laws are to be cconstructed stricly, is perhaps, not much less old than construction itself, It is founded on the tenderness of the law for the rights of individuals; and on the plain principle that the power of punishment is vested in the legislature, not in the judicial department." <u>United States v. Boston & Me. R..R</u>, 13 L.Ed 2d 728(1965)

      Taking this in to account, it would appear that when Congress gave the power, pursuant to 28USC§2072 to prescribe rules of practice and from the simple reading of the Federal Rules of Criminal Procedure, it will be obvious that the Supreme Court has repealed all legislation which is to be litigated in the

United states district courts for any and all acts or conduct **occuring outside the territory over which Congress has exclusive legislative jurisdiction,hence the moniker "gate keeper" as herein assigned.**

"Rule 1. Application and exception.
   a.)Courts. These rules apply to all criminal proceedings in the United States <u>district courts...</u>"(Emphasis Added)
   b.) Application of terms...As used in these rules,<u>the following terms have designated meanings..</u>(Emphasis Added)

'Act of Congress' includes any <u>Act</u> of Congress locally applicable to and in force in the District of Columbia in Puerto Rico, in territory or in an insular possession.(emphasis added)

'State' includes the District of Columbia, Puerto Rico, territory and insular possessions.

'Law' includes statutes and judicial decisions."
<u>FEDERAL RULES OF CRIMINAL PROCEDURES, RULE 1</u>.

From a reading of Rule 1, several things come to light as self evident conclusions from the rules themselves. First, the rules apply to <u>all</u> criminal proceedings in the territorial tribunals, the United States district courts. Second, the only legislation,"Acts of Congress", recognized by the F.R.Cr.P to prosecutable in said territorial tribunals are those acts which have application within territory over which Congress possess exclusive territorial jurisdiction. THis, by the way, puts Rule 1 entirely consistent with the Supreme Court's ruling in <u>Lopez</u>, <u>Balzac</u>, and <u>Hooven</u>. Third, the term **"State"** is limited for all criminal prosecutions to territory over which Congress has exclusive legislative jurisdiction. And fourth, Congress has legislated that <u>all</u> laws **(which includes statutes and judicial decisions as per F.R.Cr.P 1)** in conflict with the Supreme Court's rules "shall have no further force or effect after such rules have taken effect".

Notice that pursuant to 28USC§2072(b), that F.R.Cr.P also <u>invalidates all judicial decisions, stare decisis, which are in conflict with said rules</u>.

While the idea that the F.R.Cr.P trump legislation,"acts of Congress," or judicial decisions may raise doubts in the minds of some, the idea that such was the intent of both Congress and the Supreme Court is reflected explicitly in the Commentary by David D. Seigal on the 1988 and 1990 revisions of Rule

(3)

§54 on page 534 of Title 28,section 2072 (USCA 1996),to wit:
" the Second sentence of the new subdivision (b) of §2072 was a key player in the 1988 act. It's the famous supersession clause,purporting to subordinate all "laws," including Acts of Congress, to the rules promulgated under subdivision (a)." (emphasis added)

Under that penal statutes are to strictly construed, including the Rules governing their effects, there can be no remaining doubt that Rule 54(which is now Rule 1) under authority of 28USC§2072 limits all criminal proceedings in the United States District Courts to alleged criminal offenses committed in the territory over which Congress has exclusive legislative jurisdiction. Such territory has been explicitly set out in 18USC§§7 and 5.(seeChisholm v. Georgia, 1 L.Ed 440(1793)) (also see Weinberger v. Rossi, 456 U.S. 25(1982).. all legislation of Congress is presumed to be territorial unless contrary intent appears in the Act(s)..) Thus conclusively proving that the United States District Court are in fact and in law strictly territorial Tribunals which have limited jurisdiction over only only those act or conduct occurring within the United States territorial jurisdiction.

Since the above set out portions of Rule 1(previously Rule§54) have been in effect since 1944 and since this Plaintiff was charged,tried, convicted, sentenced, and incarcerated starting in 1998, and since the acts of Congress this Plaintiff was charged, tried, convicted , and sentenced and incarcerated of were prosecuted  for alleged acts occurring outside their applicable territory as defined in Rule§1, namely Georgia, Congress has legislated that said acts of Congress used to incarcerate this Plaintiff have no force or effect in the United States District Courts, thus INVALIDATING this custody. But consequently, the B.O.P and custodians have failed to acknowledge when notified that their claim of jurisdiction of custody has been invalidated by Congress and the Supreme Court. Thereby continuing to maintain records that state they do have jurisdiction to custody. When those document have no force or effect for they are in conflict with the holdings of the Supreme Court and Congress intent.

This Plaintiff has exhausted remedies explaining this and the B.O.P has refused to investigate or provide proof of claim that the Supreme Court and

Congress have not invalidated his custody. [see 40USC§255 & §3112 ]

This simple question of controversy is the question of this complaint as pursuant to the Privacy Act. For the B.O.P and custodians to hold records that inaccurately do not reflect the invalidation of this custody is a Privact Act violation. This Court is called to provide the litigation of justice by requiring the defendants to provide Proof of Claim that this Plaintiff is incorrect and that their record are accurate. Plaintiff has hereby shown that he can provide proof/ facts that he is entitled or able to prove facts that can lead to the relief in which this Court finds equitable as justice requires.

Plaintiff ask that this motion be tried liberally for this Plaintiff is not an attorney nor a paralegal, as pursuant to Haines v. Kerner. (see Doe v. United States, 781 F.2d 907, for de novo review)

Squarely submitted this 11th day of April, 2006C.E

Bruce Bernard Townsend, sui juris
JESUP FCI/09879-021
2650 HWY 301 SOUTH
JESUP, GEORGIA 31599

I CERTIFY THAT I HAVE SENT A COPY OF
THIS MOTION TO THE CONCERN PARTY :
CLAIRE WHITAKER, AUSA
555 4TH STREET, N.W., ROOM E-4204
WASHINGTON, D.C. 20530