UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUCE BERNARD TOWNSEND, <br><br> Plaintiff, <br><br> v. <br><br> JOSE VAZQUEZ, WARDEN, BOP, AND ALBERTO GONZALEZ, ATTORNEY GENERAL, <br><br> Defendants. | Civil Action No. 06-00149 (RMU) |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER**

Defendants, Jose Vazquez, Warden, the Bureau of Prisons and Alberto Gonzalez, Attorney General, hereby reply to Plaintiff's "Opposition to Defendants' Motion to Dismiss and Acceptance of Their Ceding to Claims."

I. Introduction

In his responsive filing, plaintiff states that he has no objection to the transfer of his case to the United States District Court for the Southern District of Georgia, although it appears to defendants from documents recently received from the Southern District of Georgia that plaintiff has previously presented the same issue in his criminal case and related civil action that he presents here, i.e., that his sentence was defective, and thus void, and the Bureau of Prisons ("BOP") records concerning the duration of his sentence are therefore inaccurate. See Exhibit A & B, hereto.

II. Discussion

With the receipt of the new records, this Court, in its discretion, may decide that transfer

is not in the interest of judicial economy. Defendant therefore supplements its motion to dismiss with an alternative ground for dismissal, that based on the doctrine of res judicata.

    A.  <u>The Doctrine of Res Judicata</u>.

The doctrine of res judicata, or issue preclusion, provides that a judgment on the merits in a prior suit bars a second suit involving identical parties or their privies based on the same cause of action or issues that could have been raised in that action. <u>See Apotex, Inc. v. FDA</u>, 393 F.3d 210, 217 (D.C. Cir. 2004) (*citing* <u>Drake v. FAA</u>, 291 F.3d 59, 66 (D.C.Cir.2002) and <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980)). Stated simply, "the parties to a suit and their privies are bound by a final judgment and may not relitigate any ground for relief which they already have had an opportunity to litigate--even if they chose not to exploit that opportunity--whether the initial judgment was erroneous or not." <u>Hardison v. Alexander</u>, 655 F.2d 1281, 1288 (1981). Thus, the doctrine of res judicata plays a central role in advancing the "purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions." <u>Id</u>. (*quoting* <u>Montana v. United States</u>, 440 U.S. 147, 153 (1979). As noted in <u>Apotex</u>, 393 F.3d at 217:

> As the Supreme Court has explained: 'To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.' <u>Id.</u> (*quoting* <u>Montana</u> at 153-54.)

<u>Apotex</u>, 393 F.3d at 217. "Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.' " <u>Page v. United States</u>, 729 F.2d 818, 820 (D.C.Cir.1984)). The Court must consider " 'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit

conforms to the parties' expectations or business understanding or usage.' " I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co., 723 F.2d 944, 949 n. 5 (D.C.Cir.1983) (*quoting* 1B J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 0.410[1] (2d ed.1983)).

    B.  <u>Plaintiff's Claims in the Instant Case are Subject to Dismissal Based on Res Judicata.</u>

In the instant case, plaintiff bases his claim under the Privacy Act on his assertion that the BOP's records that resulted in a determination for duration of sentence are inaccurate. He claims that the records are based on "the Judge [having] jurisdiction to sentence [him] for the drug amounts not found beyond a reasonable doubt." R. 1-2, p. 14 of 17. As reasoned by plaintiff, the BOP records are inaccurate because they are based on a "void jurisdiction." <u>Id.</u> at 15 of 17.

Plaintiff made the same claim in the U.S. District Court for the Southern District of Georgia, Savannah Division ("Georgia Court") in his attempt to overcome his conviction and correct his prison sentence under 28 U.S.C. § 2255. <u>See</u> Exhibits A, <u>see</u> also Exhibit B at 1-2. On June 27, 2002, plaintiff filed a motion to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255 in the Georgia Court. Exhibit A. Among other arguments, plaintiff alleged that "the court lacked subject matter jurisdiction to speculate to the quantity of the conspiracy for which Grand Jury failed to indict Petitioner for . . ." <u>Id</u>. at page 22 of 47. That argument was considered by U.S. Magistrate Judge M. Smith in a Report and Recommendation, dated September 6, 2002. <u>See</u> Exhibit B. Specifically, the Magistrate Judge determined that:

> Movant's argument that the Court lacked jurisdiction over him because the indictment did not set forth a quantity of drugs has also been rejected by the Eleventh Circuit. <u>U.S. V. Ford</u>, 270 F.3d 1346, 1347 (11th Cir. 2001) . . . The Court finds that jurisdiction was proper over movant and that this claim of error also fails.

Exhibit B, p. 7 of 14. The District Court by order of September 30, 2002, dismissed plaintiff's

3

case. See Exhibit C. Thus, the underlying basis for plaintiff's Privacy Act claim in the instant case, i.e., that the sentencing judge had no jurisdiction and imposed an illegal sentence (allegedly resulting in inaccurate records), has already been litigated in the federal court in Georgia. Accordingly, the Court should dismiss this action on the basis of res judicata or, alternatively, transfer it to the Georgia Court which can readily determine if res judicata applies based on that court's earlier holding.

### III. Conclusion

For the reasons set forth in defendants' motion to dismiss or to transfer as supplemented herein, and in the interest of judicial economy, it is respectfully requested that plaintiff's complaint be dismissed, with prejudice.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN , D.C. Bar # 451058
United States Attorney

/s/
RUDOLPH.CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 3rd day of May, 2006, that a copy of the foregoing reply was served by First-Class mail; postage prepaid to:

BRUCE B. TOWNSEND
#09879-021
Jesup FCI
2650 Highway 301 South
Jesup, GA 31599

                                        _____/s/_____
                                        CLAIRE WHITAKER
                                        Assistant United States Attorney
                                        555 Fourth Street, N.W.
                                        Civil Division
                                        Washington, D.C.  20530
                                        (202)514-7137