Exhibit A

U. S. DISTRICT COURT
Southern District of Ga.
Filed in Office

Deputy Clerk

6/26/02

NUNC PRO TUNC DATE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

NO. 99-8033-DD
CR 498-106-04 C V402-148

UNITED STATES OF AMERICA

Appellee

V.

BRUCE TOWNSEND

Appellant

## 2255 MOTION TO VACATE OR SET ASIDE SENTENCE OR CONVICTION

## MEMORANDUM OF APPELLANT

Bruce B Townsend Pro se'
09879-021
Jesup/F S L
2650 Highway 301 South
Jesup, Georgia 31599

1

# TABLE OF CONTENTS

TABLE OF CONTENTS . . .                                                              i

CASES OF CITATION . .                                    . . . .                     ii

STATEMENT OF JURISDICTION                      . .              . .      . . iv

STATEMENTS OF THE CASE/ISSUES OF REVIEW     .                                         1
    Ground (1) Prejudicial Effects of Defective Indictment                      .    2
    Ground (2) Subject Matter Jurisdiction .      .          .          .       .    6
    Ground (3) Rule 801(d)(e) Violation          . .          .        . . .    .   11
    Ground (4) Rule 32(a)(1) Violation      .     .               .      .       .  16
    Ground (5) Sixth Amendment Ineffective of Counsel Claim          .               16

CONCLUSION                   .                                                     . 22

EXHIBIT LIST OF PETITIONER (A) AND (B)    .      .                                   25

CERTIFICATE OF SERVICE              .                       . .                      26

Motion for Record Readiness           .     .    . .     .          . .  .     . 27

11th Cir Rule 31-1          .          .     .                                     27

MOTION FOR RECORDS READINESS FOR JUDGE'S REVIEW PURSUANT TO ELEVENTH
    CIRCUIT RULE 31-1             .          .                               . 28

# CASES OF CITATION

1   <u>Winship v  United States</u>, 397 U S  358, 364, 90 S  Ct 1068, 1073, 25 Ed 2d 368 (1970)

2   <u>Ex Parte Bain</u>, (1887) 121 U.S  1, 30 L Ed, 849, 75 Ct 781

3   <u>Demolfetto v  United States</u>, 130 L  Ed 2d 178 (1994)

4   <u>Plummer v  U S </u>, 221, F3d, 1298 (11<u>th</u> Cir 2000)

5   <u>United States v  Hooshnand</u>, 931, F  2d 725, 737 (11<u>th</u> Cir. 1991)

6   <u>Russell v  United States</u>, 369 U  S  749, 82 S Ct  1038, 8 L  Ed 2d 240 (1962)

7   <u>United States v. Carll</u>, 105 U. S  611, 612, 26 L Ed 1136 (1881)

8.  <u>Pitrone</u>, 115 F  3d 1, 4 (1<u>st</u> Cir  1997)

9   <u>Love v  Turlington</u> 733 F  2d 1562 (11<u>th</u> Cir  1984)

10  <u>United States v  Silber</u>, 370 U  S  717, 8 L  Ed 2d 798, 82 S  Ct 1287 (1962)

11. <u>Outler v. United States</u>, 45 U  S  950, 102 S  Ct  1453, 71 L  Ed 2d 665 (1982)

12  <u>Stirone v  United States</u>, 361, U  S  212 (1960)

13  <u>Harris v. U. S </u>, 149 F. 3d 1304 (11<u>th</u> Cir  1998)

14  <u>United States v  Tran</u>, 234 F. 3d 798, 808 (2d Cir  2000)

15  <u>Arizona v  Fulminak</u>, 449 U  S  279, 111 S  Ct  1246, 113 2  Ed  2d 302 (1991)

16  <u>U S  v  Gaudin</u>, U. S  132 L  Ed 2d 444 (1995)

17  <u>U S  v  Yates</u>, 1 L  Ed 2d 1356 (1957)

18  <u>United States v  Rhynes</u>, 218 F  3d 310 (4<u>th</u> Cir 2000) en banc

19  <u>Turner v  United States</u>, 110 S. Ct  552, 107 L  Ed 2d 548 (1989)

20  <u>U S  v  Chestang</u>, 849 F 2d 528, 531 (11<u>th</u> cir 1998)

21  <u>U. S. v  Hands</u>, 184 F  3d (11<u>th</u> Cir  1999)

22    U S v Beale, 921 F 2d 1412, 1425 (11ᵗʰ Cir 1991)

23    U S v. Blakey, 14 F 3d 1557, 1561 (11ᵗʰ Cir. 1994)

24    Davis v Zant, 36 F 3d 1558, 1548 N 15 (11ᵗʰ Cir 1994)

25    U S v Martinez, 96 F 3d 473, 476 (11ᵗʰ Cir 1996)

26    U S v Brunton, 20 L Ed 2d 476 (1968)

27    U S. v. Hickok, U S 116 S Ct 1707, 134 L. Ed 2d 800 (1996)

28    Glover v United States, 531 U S 198 (2001)

29    Jones v United States, 526 U S. 2271 CrL 512 (1997)

30    U S v Rogers, 228 F 3d 1318 (11ᵗʰ Cir 2000)

31    U S v Rhodes, 177 F 3d 963 (11ᵗʰ Cir 1999)

32    Kimmelman v Morrison, 91 L Ed 2d 331 (1986)

33    Strickland v U S, 80 L Ed 2d 674

34    Philbrook v Glodgett, 37 L Ed 2d 109 (1973)

35.   Frank v Magnum, 273 U S 309, 334 (1915)

36    Moore v Dempsey, 26 U S 86, 87-88 (1923)

37    Albrecht v U S, 273 U S 1 (1927)

38    U S v Gayle, 967 F 2d 483, 485 (11ᵗʰ Cir. 1992) en banc

39    Murray v Carrier, 477 U S. 478 (1986)

40    U S v Cook, 84 U S. 168, 173 (1872)

41    Brown v Allen, 344 U S at 500, 97 L Ed 469

42    Engle v Isaac, 456 U S 107 at 135, 73 L Ed 2d 783

43    Powell v Alabama, 287 U S 45 (1932)

## STATEMENT OF JURISDICTION

Pursuant to the fact that Petitioner Townsend was tried and sentenced in this Court, establishes jurisdiction for this court to address Petitioner's Appeal

iv

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA    )
    )
    **Appellee**    )
    )
vs.    )        **Appeal # 99-8033-DD**
    )
BRUCE TOWNSEND    )
    )
    **Appellant**    )
    )
    )

## STATEMENTS OF THE CASE/ISSUES OF REVIEW

Motion to dismiss Indictment pursuant to Rule 12(b)2 and Rule 7(c)1 that Indictment is constitutionally defective   Sentencing violated the rule of law of Subject-Matter-Jurisdiction.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner, Bruce Townsend, contends pro se' to move this Honorable Court to dismiss Count

(1), conspiracy with the intent to knowingly and willfully possess with the intent to distribute cocaine

(Hydrochloride) and cocaine base (crack), under 21 U S C 841 (a) 1 and 21 U S C 846   Petitioner

Townsend was found guilty after three days of trial and a hung jury that received the Allen charge on

November 19, 1998   Before the Honorable Judge Edenfield of the United States District Court for the

Southeastern District Court of Georgia   During trial, the Motion of Judgment of Acquittal was denied

upon count (1) of conspiracy   Upon sentencing, Petitioner Townsend objected to quantity, type and

perjury enhancement   Whereas Petitioner was sentenced to 21 U S C  841 (b)(1)(b) to a quantity of 38

grams of crack cocaine and a level (1) criminal history since petitioner is a first time offender   Contrary

to Petitioner's first notification at preliminary that government sought case against Petitioner pursuant

1

*Exhibit A*

to a 21 U S C 84 (b)(1)(a)  During sentencing, all of Petitioner's objections were overruled and the court adopted the probation officer's recommendations  Petitioner then contended to file direct appeal. All Petitioner's grounds were either denied or the court failed to recognize them  Previous to this, Petitioner Townsend was represented by counselor Julian Toporek  Due to differences, Petitioner had motion filed for Attorney Toporek's removal, and now files Pro Se'

Petitioner Townsend moves this Honorable Court to dismiss count (1) of the above on the following grounds

1    **Ground (1) Prejudicial Effects of Defective Indictment**

A    Count (1) of the indictment fails to state the particular act or acts charged with reasonable definiteness so as to enable the Petitioner to prepare his defense, and Count (1) of said indictment is so vague, indefinite and uncertain that it does not inform Petitioner of the nature or cause of accusation made against him, and in the foregoing respects, does not comply with the Fifth and Sixth Amendments to the Constitution of the United States  Petitioner foregoes and contends that upon his Direct Appeal, the Court overlooked the foundational argument of evidence was insufficient to support "Conviction as Charged in the Indictment "  For the indictment was facially unconstitutional because of a patent ambiguity  Petitioner contends that his indictment failed to define with clarity and a lack of ambiguity the cited statutory terms

B    Indictment failed to allege 50 grams or more for an 841(b)(1)(a) or 5 grams or more for an 841(b)(1)(b), or even an undetermined amount of drugs for an 841(b)(1)(c)  This argument can also be supported by the Grand Jury transcripts where juror asked the prosecutor if [we] petitioner and co-defendants know the law, for there was no one who supposedly sold the

2

amount the prosecutor alleged was needed for prosecution  This question was not properly addressed, and the indictment was returned without a specific drug quantity showing that even the grand juror did not understand the statutory terms being prescribed to be determined by him  *Then, during preliminary hearing, prosecution took it upon itself to determine what was in the minds of the Grand Jury when the indictment was returned  By informing Petitioner that the government seeks to prosecute under 21 U S C  841(b)(1)(a) for 50 grams or more, 10 to life, but during sentencing, Prosecution sought sentence under 841(b)(1)(b) for 38 grams, that the petite jury found Petitioner not guilty of **(Winship 397 U.S. 358, 364, 90 S. Ct 1068, 1073, 25 L. Ed. 2d 368 [1970])**  This was done in violation of the constitutional statute of the reasonable doubt standard  The Due Process protection has been removed  due to the defective ambiguity of the indictment, the essential elements of count (1) have been removed from the jury, the trier of facts, which violates a cornerstone of this justice system  Thus, in **Ex parte Bain (1887) 121 US 1, 30 L. Ed 849, 7 S. Ct 781**, the court said that "if it lies within the province of a court to change the charging part of an *indictment to suit its own notions of what it ought to have been, or what the grand jury would properly have made if their attention had been called to suggested changes, the great importance which the common law attaches to an indictment by a grand jury, as a prerequisite to a prisoner's trial for a crime, and without which the Constitution says, 'No person shall be held to answer,' may be frittered away until its value is almost destroyed*  The prosecution has been allowed to make an end run around the Constitutional guarantees of the Fifth and Sixth Amendments to a sufficient indictment "  For an indictment using only statutory language is sufficient only if the statute itself sets forth all essential elements of the

3

offense  petitioner asserts to this court that the essential elements of the offense in which he

was charged, was removed from the grand jury and then again from the triers of facts, the

petite jury  So petitioner was neither tried or indicted on a drug quantity, the essential

element of 21 U S C  841(B)(1)(b), but the government has been allowed to sentence

Petitioner for the charge of 841(b)(1)(b) to a quantity of 38 grams, thereby violating

Petitioner's substantial right  See **Demolfetto v. United States**, 130 L. Ed 2d 178 (1994).

C    Petitioner asserts that this circuit upholds this argument in judging the sufficiency of the

indictment in the Plummer case where it was squarely shown the circuit's ruling on the plain

and concise and definite written statement of the essential elements constituting the offense

charged  See **Plummer v. U.S.**, 221 F.3d 1298 (11th Cir. 2000).  Here the government has

expressly alleged that "Plummer wilfully and knowingly, and with intent to defraud the

United States, attempted to smuggle and clandestinely introduce approximately 121 boxes of

cigars manufactured in Cuba in violation of Section 545    "  Petitioner places emphasis

upon the wording of the Plummer indictment to give a specific number of cigar boxes

Under Rule 12(b)(2), the Petitioner's indictment should be dismissed for failure to charge an

offense with clarity, failure to give a definite written statement of the essential elements, and

this being a question of law, it should be reviewed de novo **United States v. Hooshmand,**

**931 F. 2d 725, 737 (11th Cir. 1991)**. Petitioner relies on **Russell v. United States** 369,

**U.S. 749, 82 S. Ct. 1038, 8 L. Ed. 2d 240**, where it is upheld that if an indictment

prejudices the accused, it should be dismissed  That an indictment that fails to set forth an

"essential element of a crime," "the court has no jurisdiction to try [a defendant] under that

count of the indictment  And, of course, a district court cannot impose a sentence for a

4

crime over which it does not even have jurisdiction too  See **Love v. Turlington**, 733 F.

2nd 1562 (11th Cir. 1984) stating "It is an established principle of [L]aw that subject matter

jurisdiction cannot be created or waived by agreement of parties " Petitioner concludes with

**United States v. Silber,** 370 U.S. 717, 8 L. Ed 2d 798, 82 C. Ct. 1287 (per curiam) in

which the Court considered whether to notice a defect in an indictment  In it, short per

curiam opinion, the Supreme Court concluded that the defect in the indictment constituted

reversible plain error even though the error was not raised in either Court of Appeals or the

Supreme Court  (See also **United States v. Carll**, 105 U. S. 611, 612, 26 L. Ed 1135

**(1881)** holding that "An indictment is generally sufficient when the statutory terms fully,

directly and expressly, without any uncertainty or ambiguity, set forth all of the elements

necessary to constitute the offense intended to be punished " **Pitrone** 115 f 3d 1, 4 (1st Cir

1997) states "When the alleged error involves the instructions' adequacy in explaining the

law, such as interpretation of the elements of the statutory offense, it poses a question of law

and sparks plenary review " For Petitioner asserts that (Tr  Tran Vol  3) shows that

instructions to Jury were erroneous on the interpretation of the elements of the statutory

offense that he has been sentenced for, which brings reviewing in light of **Needers** 527, U. S.

**1, 65 (1999).** Petitioner asserts this ground by quoting **Outler v. U.S.** 45 U. S. 950, 102 S.

**Ct. 1453, 71 L. Ed 2d 665 (1982)** which states, "In Outler, we base our ruling on the

Constitutional principles of the Fifth and Sixth Amendments  We refuse to speculate as to

allege each essential element of the offense without potentially 'depriving the defendant of a

basic protection, which the guarantee of the intervention of a grand jury was designed to

secure'" **U.S. v. Gayle, 967 483, 485 (11th Cir. 1992)** en banc "a criminal conviction will

not be upheld if the indictment upon which it is based does not set forth the essential elements of the offense."

## II    Ground (2) Subject Matter Jurisdiction

A.    Count (1) of the indictment does not contain a plain, concise and definite written statement of the essential elements constituting the offense charged and therefore, does not comply with Rule 7 (c)(1) of the Federal Rules of Criminal Procedures. petitioner contends that this eviscerated [his] Fifth Amendment protection against double jeopardy because of the lack of clarity concerning the offense for which he is charged or convicted  Because the indictment did not contain a definite written statement of the essential elements of drug quantity, the court lacked <u>Subject Matter Jurisdiction</u> to any drug quantity  This Circuit upholds the jurisdictional claim in **<u>Harris v. U. S.</u>, 179 F. 3d 1304 (11th Cir. 1998)** the courts reversed and remanded the case for re-sentencing, finding that the District Court did not have jurisdiction to impose an enhancement sentence on defendant because of the government's failure to comply with procedural requirements  Petitioner Townsend contends that to allow the government to sentence [him] upon a drug amount not alleged in Count (1), there is a substantial likelihood that [he] may have been convicted of an offense other than charged in the indictment  Petitioner argues that government chose to seek conviction of 50 grams or more, which is a constructive amendment of the Indictment  Petitioner argues that the record of preliminary hearing clearly shows this Amendment.  When the government made its intention known to prosecute for the 50 grams or more, it demonstrated the prosecution's choice to surpass the fundamental due process guaranteed by the grand jury (See **<u>Stirone v. United States</u>, 361 U. S. 212 (1960)**  Also see **<u>United States v. Tran</u>, 234**

6

F. 3d 798, 808 (2ⁿᵈ Cir. 2000) stating "A court is without "jurisdiction to     impose a
sentence for an offense not charged in the Indictment," id  (Emphasis added, Id " [A]
prosecutor cannot make [a] jurisdictional end run, and then urge the court to sentence the
defendant for an offense for which [he] was never charged nor convicted " Accordingly, the
District Court exceeded its jurisdiction in sentencing Petitioner for a crime with which [he]
was never charged, thus depriving Petitioner of his Constitutional right to answer only for
those crimes presented to a grand jury  (See **Albrecht v. United States**, 273 U. S. 1
**(1927):** "A court can acquire no jurisdiction to try a person for a criminal offense unless he
has been charged with the commission of the particular offense and charged in the particular
form and code required of Law " (See **DeBendict v. Wainwright**, 674 F. 2d 841 (11ᵗʰ Cir.
**1982)**

B     Petitioner asserts that during trial, when his guilt was very weak, the court failed to instruct
the Petite Jury of the essential elements that constituted the offense, thus allowing the Petite
Jury to return an ambiguous general verdict after an Allen Charge  Petitioner contends
where such a situation occurs, it is also impossible to determine whether all twelve jurors
unanimously agreed on the essential element of drug quantity or drug type violating also a
Criminal Rule and Procedure, Rule 31(a) for a unanimous verdict  Petitioner contends that
the District Court's failure to provide a unanimity instruction on the essential element was a
structural constitutional error within the meaning of **Arizona v. Fulminate**, 449 U.S. 279,
**111 S. Ct 1246, 113 L. Ed 2d 302 (1991)**

C     Petitioner contends that had the indictment given a concise and definite written statement of
the essential element of the drug quantity, the prejudicial error would not have arisen, and

neither the verdict of guilt  Petitioner argues that even in viewing evidence in the light most favorable to government, it cannot be concluded that the Petite or Grand Jury found [him] guilty of the essential elements of the offense beyond a reasonable doubt, for the essential element has been removed from the jury's consideration, which is highly prejudicial  (See U. S. v. Gaudin, 132, 1, Ed 2d 444 (1995).  The indictment is facially defective and not warranted in law in that the indictment, Count (1) fails to plead sufficient facts so as to bring the matter alleged within the law and to inform this defendant with sufficient particularity as to the precise charges being made and punishment [he] will most likely receive  This constitutional violation has probably resulted in the conviction of one who is actually innocent [of the offense of which he has been convicted]

D   Petitioner Townsend asserts also U. S. v. Cook, 84 U. S. 168, 173 (1872) which states, "Where a statue defining an offense contains an exception in the enacting clause of the statute, which is so incorporated with the language defining the offense that the ingredients of the offense cannot be accurately and clearly described of the exception is omitted, the rules of good pleading require that an indictment founded upon the statue must allege enough to show that the accused is not within the exception   . as it is universally true that no indictment is sufficient if it does not accurately and clearly allege all the ingredients of which the offense is composed "  (Further nothing that an indictment that does not allege" every ingredient    may be quashed on motion, or the judgment may be arrested or be reversed on error) "

E   In the instant indictment, the government's failure to charge a violation of U.S.C  841(a) 1 and the failure to specify the amount of controlled substance as listed pursuant to 21 U S C

8

§ 812 cannot satisfy the constitutionally required prerequisite of informing the defendant of all the elements of the offense for which he is charged  Furthermore, assuming arguendo that the substance listed was a controlled substance as defined in § 812, the terminology or description of a detectable amount does not by itself constitute a felony offense.  (See U.S. v. Gayle, 967 F 2d 483, 485 (11th Cir. 1992) en banc.

> In Winship, supra  the Supreme Court held that "Due Process requires that the jury find beyond a reasonable doubt every fact necessary to constitute the crime "  Failure to allege an essential element of a crime is a fatal error

F    Petitioner Townsend respectfully contends that it has recently reaffirmed that quantity constitutes an essential element under 21 U S C. 841(a)(1)  The provisions of §841 contains two distinct parts  Subsection (a), entitled 'Unlawful Acts,' defines the crime  By define on the crime, guilty of section (a) carry no criminal liability  Sub-section (b) entitled 'Penalties' set forth the punishment for various drug quantities, pursuant to 21 U S C  §812  841(a)1 does not itself state a criminal offense  "It is the punishment which makes the act a crime " (See U.S. v. Cruikshank, 92 U.S. 542 (1894)  A district court must have the power to render a particular sentence in a case  In re Bonner, 151 U.S. 242, 257 (1894).  The statutory violation charged in the indictment establishes the limits on the exercise of that power  In the instant case, Petitioner cites Ex parte Lange to establish that the district court exceeded its power of subject matter jurisdiction  (Ex Parte Lange, 85 U.S. (18 Wall) 163, 177 (1873), holding that where the court did not have the power to punish a defendant, the punishment was "void      because in excess of the authority of the court "

See also **Bigelow v. Forrest,** 76 U.S. (9 Wall.) 339, 351 (1869), stating that a court "would

have transcended its jurisdiction" if it ordered forfeiture beyond that authorized by statue

Petitioner Townsend cites **Corrick, supra, U.S. v. Corrick,** 298 U.S. 435, 440 (1936) "to

hold otherwise would shift the authority to make 'probable cause' findings to the prosecutor

who could then make an end-run around the jurisdiction prerequisite of an indictment by

bringing new and greater charges. petitioner contends that such an error effected his

substantial rights   Petitioner argues that jurors are not generally equipped to determine

whether a particular theory of conviction submitted to them is contrary to law   (See

**Sullivan v. Louisiana,** 508 U.S. 275 (1993).  When therefore jurors have been left the

option of relying upon a legally inadequate theory, there is no reason to think that their own

intelligence and expertise will save them from that error   The Supreme Court has held that

when a general verdict may be based on a legally inadequate ground, such as because of

statutory time bar, the verdict should be set aside   (See **Yates** 1 L. Ed. 2d 1356 (1957).

Petitioner concludes this ground also upon the ambiguous general verdict given on count (1)

which alleged both (Hydrochloride) cocaine and cocaine base (crack)   Petitioner sets forth

that a general verdict was ambiguous to which drug type was agreed upon, if any drug type

was agreed to be the object of conspiracy   Petitioner contends this ground for re-

sentencing, that sentencing for crack has increased the punishment   Petitioner argues that

the District Court erred when it sentenced [him] based upon its findings regarding quantity

of a drug type (cocaine base) carrying a potentially higher statutory penalty   Petitioner

contends, pursuant to **United States v. Rhynes,** 218 F. 3d 310 (4th Cir. 2000) en banc, the

lack of a special jury verdict form requiring the jury to determine specifically whether the

10

conspiracy involved cocaine (hydrochloride), cocaine base, or both, constrained the District Court to sentence appellants based on the drug carrying the lower statutory penalty (See **Dunn v. U. S.**, 442 U. S. 100, 106 (1979), "To uphold a conviction on a charge that was neither alleged in an indictment nor presented to a jury at trial offends the most basic notion of due process "

### III   Ground (3) Rule 801(d)(e) Violation

A    Petitioner Townsend further contends that an 801(d)(2)(e) error increased the prejudicial effect of a facially defective indictment. Petitioner argues that upon [his] Direct Appeal, the court failed to acknowledge this argument  Failure of the Court and the government to address this issue upon Direct Appeal, shows they have conceded to this ground and have waived their right to challenge  Petitioner still argues that the objection to a video of alleged co-conspirator and government (C I ) At trial should not have been over-ruled  (See Direct Appeal page 14  This was clearly plain error in light of the record that shows the Court's failure to make the proper finding before submitting this evidence before the jury  Petitioner contends that it can be shown upon record (Tr. Trans Vol 1) that the court made no factual finding, even to a preponderance of the evidence  That the Petitioner and declarant were involved in an existing conspiracy and that the statement was made in the furtherance of the conspiracy  (See **Turner v. United States**, 849 F. 2d 548 (1989)  All see **United States v. Chestang**, 849 F 2d 528, 531 (11th Cir. 1998).  Petitioner argues the record will show that upon the video tape, the Government (C I ) And Jamall Chisolm were in the process of completing a transaction  When the C I asked for a scale and Jamall Chisolm did not have his, he went looking to find his scale from Isaac Martin, but Chisolm could not find him

11

Then, on the tape, it clearly shows Jamall Chisolm asking the C I Rufus Anderson, if he thought B-1 had a scale  The C I replied he didn't know, so they went to a house and received no scale - no one answered the door  The government argued that B-1 was the Petitioner Townsend, even though there was no testimony to that  Even if there had been testimony to such a fact, Jamall Chisolm's statement still only shows he never sw Petitioner with a scale or received from [him].  Secondly, the Petitioner's indictment alleged several alias names such as Lazaru Nazari, Ox and Buzi  Showing that the grand jury never even heard that the Petitioner was even considered by the government to be a -1  So, in the heat of trial, when the Government's case against Petitioner was very weak, the introduction of an inadmissible video tape was "dragged in by the heels" solely for prejudicial impact  Petitioner argues that Jamall Chisolm only asked this question because the Government (C I ) Rufus Anderson is Petitioner Townsend's uncle  So Jamall Chisolm was only seeking to see if Petitioner's uncle, the Government (C I ) Knew if Petitioner had a scale  This statement did not show conspiracy between Petitioner and Jamall Chisolm, and it did not further the conspiracy  Furthermore, Petitioner argues that this statement is made outside of his presence, and the government never showed evidence to demonstrate any interdependence between Petitioner and the declarant, Jamall Chisolm  Petitioner argues that this 801 (d)(2)(e) violation's prejudicial effect was increased when the Prosecutor argued that this is evidence of conspiracy in his summation.  Prosecutor contended even further by stating to the Jury this was evidence that Petitioner possessed a "community scale" used by all conspirators, which makes it evidence of a conspiracy  Petitioner argues that neither Jamall Chisolm nor Rufus Anderson, that C I testified to this material allegation

that Petitioner possessed a scale, for upon search of Petitioner's house, no scale or any drug

contraband was found    Petitioner argues that evidence was insufficient to support

conviction independent of the inadmissible statement of the declarant

B              Upon previous review of the Petitioner Townsend's direct appeal, the Appeals

Court stated in the opinion of this case that is before you, the evidence was overwhelming

and that Petitioner was caught on video tape    Petitioner argues that there is no record of

Petitioner being caught on video tape and that the court misread the record    The only tape

offered by the Government, Petitioner was found not guilty of since it was a blank video,

and the other video offered was of the declarant's statement    Petitioner places arguendo

that the 801(d)(2)(e) became a dual error when the Prosecutor vouched for the materiality

of this evidence that was not before the jury    Petitioner begins by citing quotes of the **U.S.**

**v. Hands, 184 F3d 1322 (11ᵗʰ Cir. 1999)** quoting Marshall, 173 F 3d at 1316    In Marshall

the government, in a prosecution for possession of crack cocaine, relied primarily on the

testimony of a police informant who claimed to have purchased crack from the defendants

The government also produced "Substantial Circumstantial Evidence" for more convincing

than the base before us  the defendant had large sums of cash (including the recorded bills

used by [the informant in the conducting drug transaction]} and lived in a trailer filled with

items used in crack production "  Id  Although we noted that the government informant's

testimony, if believed, would be more than sufficient to sustain Marshall's conviction," id

1318n 15, we vacated the defendant's conviction, reasoning that because the chief witness

was an informant of questionable credibility, "id  1316, two evidentiary errors could

improperly have swayed the jury   See also **United States v. Beal, 921 F2d. 1412, 1425**

(11th Circ. 1991) holding erroneous admission of evidence not harmless beyond a reasonable doubt where the only other evidence against defendant was the uncorroborated testimony of a cooperating witness of questionable credibility " See also **Blakey**, 14 F3d 1557, 1561 (11th Cir. 1994) holding that evidence consisting of the testimony of three witnesses who each had a motive to lie," was not overwhelming and that prosecutorial misconduct therefore was not harmless error   Petitioner contends that when Prosecutor argued to the jury that this video showed the act of conspiracy because Petitioner Townsend possessed the community scale, that the prosecutor violated a fundamental tenet of law that attorneys may not make misstatements of the facts in summation  (See **Davis v. Zant**, 36 F.3d 1538, 1548n.15 (11th Cir. 1994).  For the Prosecutor's statements mislead the jury to believe this was evidence.  See also **U.S. v. Martinez**, 96 F. 3d 473 (11th Cir. 1996) stating· [A]rguments to the jury must be based solely on the evidence admitted at trial "  A prosecutor may not go beyond the evidence before the jury during closing arguments  (See **Iglesias**, 915 F. 2d 1524, also **Berger v. U.S.**, 79 L. Ed 1314).  Petitioner Townsend contends that the record shows that neither Rufus Anderson nor Vincent Anderson, the government witnesses testified to [petitioner's] possession of a 'community scale '  Neither did Jamall Chisholm testify to Petitioner keeping a community scale  (See Jamall Chisholm's affidavit attached)  Petitioner Townsend places emphasis that no curative instruction was given to this improper and prejudicial closing argument  Making these impermissible comments affected the substantial rights of Petitioner when they so infect [] the trial with unfairness as to make the resulting conviction a denial of due process  (See **Donnelly v. DeChristoforo**, 40 L. Ed 2d 431 (1974).  Also see **Kennedy v. Dugger**, 933 F.2d 905

14

(11th Cir. 1991)  "Implying the existence of additional evidence not formally before the jury

severely impairs likelihood of a fair trial," **Berger v. U.S.** Supra (See tr tran , vol 3, pg 607,

lines 5-8).  Petitioner also contends that this caused a violation of the Sixth Amendment's

Confrontation Clause for when prosecutor gave misleading statements to the video as

though Jamall Chisholm gave such testimony, it left petitioner without being able to give a

cross examination to such evidence leaving jurors to believe there is evidence to such a

testimony to a 'community scale.'  Petitioner notes to this honorable court again that the

admissibility of this video was objected to   Petitioner also asserts that the Confrontation

Clause of the Sixth Amendment applies where the co-defendant does not testify at trial and

is not subject to cross-examination, for Jamall Chisholm did not testify at trial, and he never

gave such testimony to any such community scale   Petitioner concludes by stating that the

Prosecutor's statements were not reasonable inferences of speculation of the evidence or

suggestive in language, but impermissible comments on facts not in evidence that mislead

jury causing violation of the Sixth Amendment   (See **Bruton**, 20 L. Ed 2d 476 (1968).

Petitioner concludes this ground with arguendo that the jury may have only found [him]

guilty of conspiracy based on this inadmissible evidence and that these cumulative effects of

errors denied Petitioner a fair trial

C      Petitioner notes in the close of this ground that there was no cautionary instructions given

and that the strength of the Petitioner's guilt can, in a reasonable inference, be drawn to be

weak for the jury was at a deadlock to Petitioner's guilt on both counts   Following an Allen

charge, the jury returned a verdict of guilty on one count - the count of conspiracy in which

15

the Prosecutor made impermissible comments on and the community scale was alleged to be
evidence of

## IV Ground (4) Rule 32(a)(1) Violation

A    Petitioner asserts that the District Court erred when enhancing his sentence under 3C1 1
because it failed to make a specific finding of perjury  The record (Sent  Trans ) will show
that the court only stated the enhancement and made no specific factual finding for its basis
upon the record, to show wilful intent rather than as a result of confusion for a finding that a
defendant simply denied his guilt will not support the two-level increase  (See **U.S. v.
Hickok**, U. S. 116 S. Ct. 1707, 134 L. Ed 2d 800 (1996)  Petitioner asserts this is also a
failure to comply with Criminal Rules and Procedures of Rule 32(c)(1)

## V Ground (5) Sixth Amendment Ineffective of Counsel Claim

A    Petitioner Townsend contends that the Sixth Amendment recognizes the right to the
assistance of counsel's playing a role that is critical to the ability of the adversarial system to
produce just results  petitioner Townsend contends that the basic standards of competence
was not met when counsel allowed Petitioner to go to trial under an indictment that stated
only §841(a)(1) and not the essential elements of drug quantity, violating rule 7(c)(1) for this
denied Petitioner Townsend his Fifth Amendment and Sixth Amendment right to a
Constitutional indictment

B    Secondly, this allowed Petitioner to be found guilty without a Grand Jury's or Petite Jury's
finding of every element beyond a reasonable doubt, which is highly prejudicial  Petitioner
relies on **Russell v. U.S.**, 369, 82 S. Ct. 1038, 8 L. Ed 2d 240, where it is upheld that if an
indictment prejudice the accused, it should be dismissed  Petitioner Townsend contends that

16

due to counsel's ineffectiveness in not recognizing or objecting to the indictment caused

[him] to be taken to trial and sentence for a crime [he] was not indicted for  (See **Stirone**,

**361 U. S. 212 (1960)**

C    Petitioner was sentenced under §841(b)(1)(b) to a base offense level 32 for 38 grams of

crack  Petitioner Townsend contends that the court lacked subject matter jurisdiction to

speculate to the quantity of the conspiracy for which Grand Jury failed to indict Petitioner

for  (See **Ex Parte Bain, 212 U. S. 1, 30 l.ed 849, (1887).** Neither was the Petite Jury's

verdict unanimous on the element of the drug quantity or type, for they were never

instructed to find quantity or type unanimously beyond a reasonable doubt (See **Tr. Tran.**

**Vol 3 pg 650, lines 9-13; page 651).** Then at sentencing of this foregoing case, Judge

Edenfield made a determination of quantity under a preponderance for 38 grams of crack, an

amount and type the Petite Jury found Petitioner Townsend not guilty for in the substantial

count  This violated Petitioner's right to a verdict returned by a jury beyond a reasonable

doubt under the doctrine of **Winship, supra. (See Winship, 25 L. Ed 2d 368 (1970).**

Petitioner contends that had counsel objected to indictment, such prejudicial errors would

not have taken place  Petitioner Townsend also contends that [had] counsel requested an

instruction be given to jurors to determine quantity and type, the jury would have returned a

'not guilty' verdict  For the Jurors had already found Petitioner not guilty for the substantial

count in which the District Court sentenced Petitioner for

Petitioner Townsend cites **Kimmelman v. Morrison, 91 L. Ed 2d 331 (1986).** "As

Strickland teaches, the right to effective assistance of counsel ensures that defendant has a

fair opportunity to contest charges against them  A defendant has a valid ineffective

17

assistance claim whenever he has been denied <u>opportunity</u>, regardless of the law on which

counsel's error is based  It follows that respondent's claim must be judged as a Sixth

Amendment Claim according to the standards set forth in Strickland      " Petitioner

Townsend contends that when Prosecutor raised in preliminary hearing, Petitioner would be

tried under §841(b)(1)(a), 10 years to life and then at sentencing, the government sought

sentence under §841 (b)(1)(b), 5 years to 40 years, [his] counsel should have objected to

indictment based on the government's variance in charges for, according to **Ex Parte Bain,**

**30 L. Ed 849 (1887)**, the government was making an end-run around the constitutional

guarantees of an indictment, violating Petitioner's Fifth Amendment guarantee, and denying

Petitioner a fair opportunity to contest charges against [him] for the burden of government's

proof was shortened when the elements constituting the crime was removed from jury

determination  Petitioner could not prepare a proper defense without knowing the quantity

he was defending himself against  Also denying [him] protection from double jeopardy

If charged with a crime, a defendant is incapable, generally, of determining for himself

whether the indictment is good or bad.  Left without the aid of counsel, he may be put on

trial without a proper charge and conviction upon incompetent evidence or evidence

irrelevant to the issue, or otherwise, inadmissible  Petitioner contends a defendant lacks

both the skill and knowledge adequately to prepare his defense against this even though he

may have a perfect one  (See **Powell v. Alabama, 287 U. S. 45 (1932)**  (See also

**Attorney Toporek's letter attached)**  For petitioner's counsel openly stated in the

attached letter that he was not a specialist in constitutional law, which Petitioner is asking

18

this court to construe this as an admission to Petitioner that [he] counsel failed to recognize these constitutional issues  (See also **Bain, supra: Bain, 121 U.S. at 13-14**

Petitioner Townsend contends that his Ground (3) on a violation of rule 801(d)(2)(e) was the evidence the jury returned the guilty verdict on since the indictment failed to give the essential elements  petitioner asserts that counsel was ineffective for not objecting to Prosecutor's improper statement of evidence not before the jury about Petitioner possessing the 'Community Scale "  Petitioner now addresses the question of whether the sentence would have been the same absent the failure to submit drug quantity for a jury determination  (See **Neder, 527 U. S. 1, 65 (1999)**  Petitioner Townsend places arguendo that had counsel objected to the indictment or even requested jury instruction to quantity and type, his sentence would have been lower, for the trial consisted of testimony from Vincent Anderson on (4) ounces of cocaine powder and all of the court's instruction was for cocaine **(see Tr. Tran. pg 380 Lines 7-17).**  Then the jury returned the 'not guilty' verdict on the (16) grams of the substantial count  for if this court determined Petitioner's ground (1) and (2) to be subjected to a harmless error rule under the Apprendi Rule because [his] sentence didn't succeed the statutory maximum §841 (b)(1)(c), this is improper based on the Supreme Court ruling in **Cook, 84 U. S. 168, 173 (1872)** establishing the rule on exceptions Petitioner contends this highly prejudicial, for had Petitioner been informed by the indictment or counsel that he was facing 0-20 years under §841 (b)(1)(c) charge  Petitioner contends this open negotiation of a probational sentence for less than a year, which is a substantial difference from 140 months

19

According to **Glover v. U. S.,** 531 U. S. 198 (2001), when counsel's error results in any amount of loss of liberty and freedom, it is ineffective of counsel and prejudicial to defendant  Petitioner Townsend has squarely shown cause and actual prejudice  Petitioner contends also that counsel was ineffective for not raising at sentencing, a mitigating role adjustment for Petitioner for at trial, the government acknowledged that Petitioner's alleged role in the conspiracy was minor (See **Tr. Tran. Vol 13, Pg 592, lines 17-18**)  Petitioner Townsend also nots that when Judge Edenfield stated the conspiracy theory is very tenuous regarding [him] and that the court will address it the next day (See **Tr. Tran. Vol 2, Pg 566, Lines 18-23**)  The next day Counsel Toporek failed to address the court again on the motion of acquittal on Count (1) of conspiracy

While the other presiding attorneys (Mr Dozier) addressed his previous motion to the Court (See §841 (b)(1)(b) 581) Petitioner's counsel failed to do so  Then again, during trial, Judge Edenfield gave counsel a chance to make his motion of acquittal, but Counsel Toporek said, "I can't do it now" (See **Tr. Tran. Vol 3 page 531, Lines 1-7**)  Petitioner contends that had counsel addressed and received an acquittal motion on the Count (1) conspiracy, and the jury returned a 'not guilty' verdict for the substantial count, Petitioner would now possess his liberty and freedom  It was at this point in the trial where counsel should have objected to the facially ambiguous indictment for count (1) conspiracy, but failure of counsel to litigate on the motion of judgment of acquittal for count (1) was highly prejudicial to Petitioner's defense

E    Petitioner Townsend raises the last contention of [his] claim of ineffectiveness of counsel  Petitioner contends that failure to give the jury, a hung jury, instruction was prejudicial to his

20

fundamental fairness of trial and contributed to a miscarriage of justice  This Court may

choose to construe this as not an error of the court, but it is ineffective of counsel not to

have asked the court to instruct the jury that it can be a hung jury  For the foreman stated

twice upon the record that they were deadlocked concerning Defendant Townsend (See **Tr.**

**Tran. Vol. 3 pg 670, Lines 19-25**)  The jurors were then allowed to return a partial verdict

upon Mark Martin and Bernard Williams, but Petitioner's Counsel never requested that

under Rule 31(b) jury may be hung and Petitioner granted a new trial  Petitioner contends

that when the court stated in the Allen Charge, "     it has cost a lot of time and money to

investigate and bring this case to trial     " that this instruction appealed to the jurors as tax

payers leaving the jurors to believe they couldn't be a hung jury  At this point in the trial,

counsel was asked by the court if he had any objections to instruction, and counsel said,

"No."  Petitioner contends that had this hung jury been given instruction, it could have cured

the coercive Allen charge and the jury would not have returned a verdict on this blatantly

defective indictment on Count (1)

F     Petitioner Townsend concludes that under the new Supreme Court ruling of **Glover v. U.S.,**

**184 1 Ed. 2d 604 (2001) and Kimmelman, 91, 1 Ed 2d 331 (1996)** [he] has squarely

raised a Sixth Amendment ineffective counsel claim in the measures of Supreme Court rule

of law  A criminal defendant who obtains relief under **Strickland, Supra** does not receive

windfall  On the contrary, reversal of such a defendant's conviction is necessary to ensure a

fair and just result (See **Strickland,** 80 1 Ed. 2d 674)

21

### CONCLUSION

Petitioner Townsend will now try to bring [his] conclusion onto a level of squareness with the rule of law  By first setting forth the [f]revent argument that had the indictment not been defective, no reasonable trier of facts would have found him guilty beyond a reasonable doubt  Petitioner asserts that within his previous Appellate Brief, page 17, the Constitutional Jurisprudence of reasonable doubt was raised upon drug quantity  This Constitutional question was sparked by the indictment's failure to give a concise and written statement of a specific drug amount on Count (1)  Petitioner files this by the Code of Law, Rule 12(b)2 and Rule 7(c)1 that the procedural requirements of a sufficient indictment has not been upheld in the case before this court (See **Albrecht, supra**)  This circuit upheld the question of subject-matter-jurisdiction when procedural requirements are not complied with in **Harris v. U. S., 149 F. 3d 1304 (11th Cir. 1998)**  Petitioner contends that the District Court had no subject-matter-jurisdiction to a drug quantity, for it was neither charged in the indictment, nor was the jury instructed upon this essential element of conspiracy  Petitioner relies on the case **Ex Parte Bain, Supra** and the Constitutional securities of the indictment in **Albrecht, 273 U. S. 1 (1927)**  "The conclusive determination that must be made is whether Constitutional rights have been denied " (See **Frank v. Magnum** 273 U.S. 309, 334 (1915)

Petitioner contends in light of **Cook** and asks this Court to review this case in this light, for **U.S. v. Cook, 84 U.S. 168, 173 (1872)** established  "Where a statute defining an offense contains an exception in the enacting clause of the statute, which is so incorporated with the language defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, the rules of good pleading requires that an indictment founded upon the statute must allege enough to show

that the accused is not within the exception .    as it is universally true that no indictment is sufficient if it does not accurately and clearly allege all the ingredients of which the offense is composed " Further noting that an indictment that does not allege 'every ingredient . . . may be quashed on motion or the judgment may be arrested or be reversed on error "

In the instant indictment, the government's failure to charge a violation of U S C 841(a)(1) and the failure to specify the amount of controlled substance as listed pursuant to 21 U S C § 812 cannot satisfy the Constitutionally required prerequisite of informing the defendant of 'all' the elements of the offense for which he is charged   Furthermore, assuming arguendo that the substance listed was a controlled substance as defined in § 812, the terminology or description of a 'detectable amount' does not, by itself, constitute a felony offense (See **United States v. Gayle**, 967 F. 2d 483, 485 (11th Cir. 1992) en banc and **U. S. v. Alvarez**, 735 F. 2d 461 (11th Cir 1984)   In **Winship** Supra, the Supreme Court held that "Due Process requires that the jury find beyond a reasonable doubt every fact necessary to constitute the crime "  Failure to allege an essential element of a crime is a fatal error in this instant case

Petitioner respectfully contends that it has recently been reaffirmed that quantity constitutes an essential element under 21 U S C 841(a)(1)   The provisions of § 841 contains two distinct parts  Subsection (a), entitled 'Unlawful Acts,' defines the crime   By define on the crime, guilty of section (a) carry no criminal liability   Subsection (b), entitled 'Penalties' sets forth the punishment for various drug quantities pursuant to 21 U S C § 812   It does not itself state a criminal offense   "It is the punishment which makes the act a crime "  (See **U.S. v. Cruikshank**, 92 U.S. 542 (1876).

Petitioner Townsend concludes by further noting **Albrecht v. U.S.**, 273 U. S. 1 (1927) wherein "A court can acquire no jurisdiction to try a person for a criminal offense unless he has been charged with

23

the commission of the particular offense and charged in the particular form and code required of law "
With a corresponding union with **Philbrook v. Glodgett,** 421 U. S. 507, 93 S. Ct 222, 37 L. Ed 2d
109 (1973) whereby "A Federal court not only has the power, but also the obligation at any time to
inquire into jurisdiction whenever the possibility that jurisdiction does not exist "

Petitioner Townsend squarely concludes praying he has founded this motion to encompass the
justice that is enshrined in our Constitution, asking the court to view in the level of Constitutional zeal
of **Moore v. Dempsey** 26 U.S. 86, 87-88 (1923) which states, "What we have to deal with is whether
Constitutional rights have been preserved " See **Frank v. Magnum,** 273 U. S. 309, 334 (1915)
wherein the court noted "[T]he essential question before us is not the guilt or innocence of the
prisoner, but whether the state    has deprived him of due process of law " A formal accusation is
essential for every criminal trial, and without it, the court has no jurisdiction to proceed (**Post v. U. S.
161, U. S. 583 (1896).**

Petitioner Bruce Townsend concludes respectfully asking this Honorable Court to grant all liberal
considerations with respect to this action pursuant to **Haines vs. Kerner,** 404 U. S. 519 (1972) as
petitioner is not an attorney, nor has he attended any paralegal training with respect to filing of legal
pleadings

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

UNITED STATES OF AMERICA    )
    )
       Appellee    )
    )
vs.    )        **Appeal # 99-8033-DD**
    )
*BRUCE TOWNSEND*    )
    )
       Appellant (Petitioner)    )
    )
_____)

## EXHIBIT LIST OF PETITIONER (A) AND (B)

1    Exhibit (A) - Affidavit of Jamall Chisholm

2    Exhibit (B) - Attorney Julian Toporek's letter

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
|     Appellee | ) | |
| | ) | |
| vs. | ) | **Appeal # 99-8069-DD** |
| | ) | |
| BRUCE TOWNSEND | ) | |
| | ) | |
|     Appellant (Petitioner) | ) | |
| | ) | |
| _____ | ) | |

## EXHIBIT LIST OF PETITIONER (A) AND (B)

1    Exhibit (A) - Affidavit of Jamall Chisholm

2    Exhibit (B) - Attorney Julian Toporek's letter

JAMAAL CHISHOLM      *
               *
               *
-vs-                *  CASE NO: 98-051M
               *
               *
UNITED STATES OF AMERICA   *
               *

---

## SWORN STATEMENT OF JAMAAL CHISHOLM

---

I, _Jamaal Chisholm_ , after being duly sworn makes the following statements:

On _July 26_ , ~~19~~ 2000 I did make a statement to Rufus Anderson, who I was with in order to secure the use of scales to be used for weighing cocaine. I furthermore asked a question "B-1 might have a scale", I was responding to a question being asked by Rufus Anderson. At no point prior to answering this question did I have any knowledge of whether or not "B-1" aka Bruce Townsend had any scales. The fact is, my only concern was the money I would make if the scale went through. Moreover, I did not want to be short on the drugs, thereby making my point lesser. Furthermore, I made two other stops to try and locate a scale. I am making this statement to clarify the fact that I had no prior knowledge of "B-1" aka Bruce Townsend ever possessing a scale at anytime before or after I made that statement.

I, _Jamaal Chisholm_ , made the following statements absent any threat, promise, or duress of any kind. Moreover, I did appear before _____ , a Notary Public for the State of South Carolina and states that the following information is both true and correct and subject to the penalties of perjury pursuant to 28 U.S.C. §1746.

_Rebecca Moorhead_
NOTARY

_7-26-2000_
DATE

My Commission Expires
~~Jan 20, 2010~~
COMMISSION EXPIRES

_Jamaal Chisholm_
JAMAAL CHISHOLM
REG. NO.
P.O. BOX 599
ESTILL, S.C., 29918

Law Offices
**JULIAN H. TOPOREK**
23 East Charlton Street
Suite 11
**SAVANNAH, GEORGIA 31401**
912-236-4666
Facsimile: 912-236-0105
E Mail jhtoporek@sysconn.com

August 1, 2000

Bruce Townsend
09879-021
Federal Correctional Institution
PO Box 599
Estill, South Carolina 29918

Dear Bruce,

I have your letter of July 20, 2000. I will carefully consider all of your suggestions. I detect a tone in your letter or dissatisfaction with the brief I filed and in the general manner in which I am handling your appeal. I do not specialize in criminal or constitutional law and do not pretend that I am the most competent attorney you could have obtained. I am bound by the rules of the Southern District of Georgia which require me to serve when I am appointed. If you feel you would be better served by having someone else represent you, you are entitled to request another attorney. Please give some thought to whether this might be in your best interest. I am not trying to shirk my responsibilities; I will do my utmost to present all salient points to the court. I simply do not want you to feel that are not receiving all that you are entitled to.

Sincerely,

Julian H. Toporek

JHT:mp

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

UNITED STATES OF AMERICA          )
                                  )
      Appellee          )
                                  )
vs.                               )          Appeal # 99-8033-DD
                                  )          CR 498-106-04
BRUCE TOWNSEND                    )
                                  )
      Appellant         )
                                  )
                                  )
_____  )

## CERTIFICATE OF SERVICE

    This is to certify that I have mailed a copy to all concerned parties  I have done this to the

best of my knowledge and understand it is subject to perjury.

> Joseph D  Newman, Esq
> Assistant U  S  Attorney
> 100 Bull St , Suite 201
> Savannah, GA 31401
>
> Dennis G  Dozier
> Counsel for Mark Martin
> P O  Box 410
> Rincon, GA 31326

Bruce Townsend
Pro Sé
09879-021

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Appellee** | ) | |
| | ) | |
| **vs.** | ) | **Appeal # 99-8033-DD** |
| | ) | **CR 498-106-04** |
| **BRUCE TOWNSEND** | ) | |
| | ) | |
| **Appellant** | ) | |
| | ) | |

\*    *Motion for Record Readiness*    \*

\*    11ᵗʰ Cir Rule 31-1    \*

Appellant Bruce Townsend comes now to petition this Court to hereby have the Clerk of Courts for the Southern District of Georgia, Savannah Division, present a copy of Appellant Townsend's record for Judge's review

Appellant Townsend requests the following copies be given to the Court for review

1    Grand Jury Transcript
2    Indictment
3    Preliminary Transcript
4    Trial Transcripts'
5    Sentencing Transcript
6    Evidentiary Hearing Transcript

Appellant Townsend prays he has squarely placed his motion and ask this Honorable Court to grant all liberal considerations with respect to this action pursuant to **Haines vs. Kerner**, 404 U. S. 519 **(1972).**

Respectfully submitted this _____ day of _____, 2002

Bruce Townsend
Pro Sé 09879-021

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

---

### NO. 99-8033-DD
### CR 498-106-04

---

## UNITED STATES OF AMERICA

### Appellee

### V.

### BRUCE TOWNSEND

### Appellant

---

## MOTION FOR RECORDS READINESS FOR JUDGE'S REVIEW PURSUANT TO
## ELEVENTH CIRCUIT RULE 31-1

---

Bruce B  Townsend Pro se'
09879-021
Jesup/F S L
2650 Highway 301 South
Jesup, Georgia 31599

AO 240 {Rev. 5/86)  Application to proceed

# United States District Court

For the Southern ———————————— DISTRICT OF —Georgia Savannah Division—

United States of
America
Apellee,        v.        Bruce Townsend
                          Appellant,

APPLICATION TO PROCEED IN
FORMA PAUPERIS, SUPPORTING
DOCUMENTATION
AND ORDER
CASE NUMBER: 99-8033-dd
                    cr 498-106-04

I, **Bruce B. Townsend** _____ ,declare that I am the (check appropriate box)

[X] petitioner/plaintiff                [x] movant (filing 28 U.S.C. 2255 motion)

[] respondent/defendant                [] _____
                                              other
in the above-entitled proceeding; that, in support of my request to proceed
without being required to prepay fees, cost or give security therefor, I
state that because of my poverty, I am unable to pay the cost of said
proceeding or give security therefor; that I believe I am entitled to relief.
The nature of my action, defence, or other proceeding or the issues I intend
to present on appeal are briefly stated as follows:
Ground(1)Rule 12(b)2 Subject Matter Jurisdiction/Defective Indict.
Ground(2) Rule 801(d)(2)(e) Violation/Prosecutor Misconduct
Ground(3)Rule 32(a)1 violation
Ground(4)6th Amendment Ineffective Counsel Claim

In further support of this application, I answer the following questions.

1. Are you presently employed?                YES [X]      NO []
   a. If the answer is "yes", state the amount of your salary or wages per
      month, and give the name and address of your employer.(list both
      gross and net salary)  Landscape Jesup Satellite low/$5.00monthly

   b. If the answer is "no", state the date of last employment and the
      amount of the salary and wages per month which you received.
      **N/A**

2. Have you received within the past twelve months any money from any of
   the following sources?

   a. Business, profession or other form of self-employment? YES []  NO [X]
   b. Rent payments, interest or dividends?                   YES []  NO [X]
   c  Pensions, annuities or life insurance payments?         YES []  NO [X]
   d. Gifts or inheritances?                                  YES [X]  NO []
   e  Any other sources?                                      YES []  NO [X]

If the answer to any of the is "yes" describe each source of money and state the amount received from each during the past twelve mounths.

3. Do you own any cash, or do you have money in checking or savings accounts? Yes [] No [X] (Include any funds in prison accounts.) If the answer is "yes", state the total value of the items owned.
   **N/A**

4. Do you own or have any interest in any real estate, stocks, bonds, notes, automobiles or other valuable property (excluding ordinary household furnishings and clothing)? No If the answer is "yes", describe the property and state its approximate value.
   **N/A**

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support. **Joshua Townsend/son ; Issac Townsend/son Trinity Gray/daughter ; contribution to children depends on monthly pay and gifts received.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 5/10/02
(Date)                                         Signature of Applicant

## CERTIFICATE
(prisoner Accounts Only)

I certify that the applicant named herein has the sum of $ _42 on account to his credit at the FSL, JeSuP GeOrGia institution where he is confined. I further certify that the applicant likewise has the following securities to his credit according to the records of said institution: 0

I further certify that during the last six months the applicant's average balance was $ 180.00

Erin J. Chayant my comm exp 1-3-2
Authorized Officer of Institution

## ORDER OF COURT

The application is hereby denied

The application is hereby granted. Let the applicant proceed without prepayment of cost or fees or the necessity of giving security therefor

United States Judge      Date          United States Judge      Date

AO 243 (Rev. 5/85) ●

## MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

(If movant has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment )

## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

*Explanation and Instructions—Read Carefully*

(1) This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief No citation of authorities need be furnished If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum

(3) Upon receipt, your motion will be filed if it is in proper order No fee is required with this motion

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution

(5) Only judgments entered by one court may be challenged in a single motion If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

(7) When the motion is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is

(8) Motions which do not conform to these instructions will be returned with a notation as to the deficiency

AO 243 (Rev 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| **United States District Court** | District Southern District of Georgia | |
|---|---|---|
| Name of Movant Bruce Townsend,aka Lazarus Nazari | Prisoner No. 09879-021 | Case No. 99-8033-dd |
| Place of Confinement Jesup Satellite Low, Jesup Ga. 31599 | | |

UNITED STATES OF AMERICA        V.   Bruce Townsend aka. Lazarus Nazari

(name under which convicted)

## MOTION

1  Name and location of court which entered the judgment of conviction under attack **Southern District Court of Georgia , Savannah Division**

2  Date of judgment of conviction **November 19,1998**

3  Length of sentence **140 months**

4  Nature of offense involved (all counts) **Conspiracy with intent to distribute §841(a)1 and §846**

5  What was your plea? (Check one)
   (a) Not guilty     ☒
   (b) Guilty     ☐
   (c) Nolo contendere     ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details.
   **N/A**

6  If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury     ☒
   (b) Judge only     ☐

7  Did you testify at the trial?
   Yes ☒ No ☐

8  Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

(2)

AO 243 (Rev. 5/85)

9.  If you did appeal, answer the following:

   (a) Name of court U.S. Court of Appeals Eleventh Judicial Circuit

   (b) Result ___Denied___

   (c) Date of result August 18, 2001

10  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

   (a)(1) Name of court Eleventh Circuit Court of Appeals

   (2) Nature of proceeding En Banc rehearing motion/granted Sept. 14, 2001

   (3) Grounds raised Grounds where never due to Petitioner being put
   in transit for 8 months, so the motion became time barred.

   (4) Did you receive an evidentiary hearing on your petition, application or motion?
   Yes ☐ No ☒

   (5) Result Mandate issued while Petitioner was in transit

   (6) Date of result October 14, 2001

   (b) As to any second petition, application or motion give the same information:

   (1) Name of court N/A

   (2) Nature of proceeding N/A
   N/A

   (3) Grounds raised
   N/A

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐ N/A

(5) Result_____ N/A

(6) Date of result _____ N/A

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc        Yes ☒ No ☐
(2) Second petition, etc       Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not

Petition for En Banc was filed but motion for rehearing
was time barred due to Petitioner being in Transit from
medium security prison to a low security prison.

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession

(4)

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) *Denial of effective assistance of counsel.*
(j) *Denial of right of appeal.*

   A. Ground one <u>Prejudicial effects of a detective Indictment on count(1)</u>

   Supporting FACTS (state *briefly* without citing cases or law) <u>(Memorandum Attached)</u>

_____

_____

_____

_____

_____

   B. Ground two <u>Subject Matter Jurisdiction RULE 12TB12</u>

   Supporting FACTS (state *briefly* without citing cases or law): <u>(Memorandum Attached)</u>

_____

_____

_____

_____

   C. Ground three. <u>Rule 801(d)(2)(e) violation and Rule 32(a)(1)</u>

   Supporting FACTS (state *briefly* without citing cases or law): <u>(memorandum attached)</u>

_____

_____

_____

_____

D. Ground four: <u>Sixth Amendment Ineffective Counsel Claim</u>

Supporting FACTS (state *briefly* without citing cases or law): <u>(Memorandum Attached)</u>

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

Petitioner asserts all grounds correspond to the Sixth Amendment Ineffective Counsel Claim and all grounds not previously raised was due to counsel's failure to raise.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing Julian Toporek, attorney of law ; 221 West York St.
Savannah,Georgia 31401

(b) At arraignment and plea Julian Toporek

(c) At trial Julian Toporek

(d) At sentencing Julian Toporek

AD 243 (Rev. 5/85)

(e) On appeal  Julian Toporek

(f) In any post-conviction proceeding  Julian H Toporek and Petitioner petitioned

Pro se·

(g) On appeal from any adverse ruling in a post-conviction proceeding  N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☒ No ☐

(a) If so, give name and location of court which imposed sentence to be served in the future: Superior

Court for the Eastern Judicial Circuit State of Georgia

(b) Give date and length of the above sentence:  12 years sentence /May 17,1999 received

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☒ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____
(date)

_____
Signature of Movant

```
SPECIAL PURPOSE ORD.:.00
ENCUMBRANCE BALANCE.:.00
ACCOUNT BALANCE.....:20.42
VALIDATION CODE.....:04
VALIDATION LIMIT....:290.00
VALIDATION EXPENDED.:.00
AVAILABLE BALANCE...:.42
PERIOD PURCHASES....:.00
YTD PURCHASES.......:109.73
LAST ACTIVITY DATE..:05/09/02
LAST SALE DATE......:03/14/02
ARRIVAL DATE........:02/01/02
DEPARTURE DATE......:00/00/00
ARRIVE FROM.........:
TRANSFER TO.........:
```

┌─────────────────────────────────┐
│ Press return ◄═╛ to review      │
│ transactions in detail -OR-     │
│ Press Home for controlled       │
│ item purchases        -OR-      │
│ Press Esc for next inquiry.     │
└─────────────────────────────────┘

```
          LAST 6 MO. DEPOSITS..:181.15
       LAST 6 MO. WITHDRAWALS..:109.73
                  FRP PLAN....:
                  FRP RATE....:00
                  FRP AMOUNT..:0
       RESTRICTED SPEND LIMIT:10.00
          RESTRICTION EXPENDED:.00
```

ENTER INMATE NUMBER   ►09879021      PIN # 0987   MAIL BOX #

INMATE NAME.........:TOWNSEND, BRUCE BERNARD              RESTRICTION.:00/00/00

```
INMATE UNIT.........:B2
SPECIAL SORT CODES..:
INMATE STATUS.......:A
OUTSTANDING CHECKS..:20.00
SPECIAL PURPOSE ORD.:.00
ENCUMBRANCE BALANCE.:.00
ACCOUNT BALANCE.....:20.42
VALIDATION CODE.....:04
VALIDATION LIMIT....:290.00
VALIDATION EXPENDED.:.00
AVAILABLE BALANCE...:.42
PERIOD PURCHASES....:.00
YTD PURCHASES.......:109.73
LAST ACTIVITY DATE..:05/09/02
LAST SALE DATE......:03/14/02
ARRIVAL DATE........:02/01/02
DEPARTURE DATE......:00/00/00
ARRIVE FROM.........:
TRANSFER TO.........:
```

┌─────────────────────────────────┐
│ Press return ◄═╛ to review      │
│ transactions in detail -OR-     │
│ Press Home for controlled       │
│ item purchases        -OR-      │
│ Press Esc for next inquiry.     │
└─────────────────────────────────┘

```
          LAST 6 MO. DEPOSITS..:181.15
       LAST 6 MO. WITHDRAWALS..:109.73
                  FRP PLAN....:
                  FRP RATE....:00
                  FRP AMOUNT..:0
       RESTRICTED SPEND LIMIT:10.00
          RESTRICTION EXPENDED:.00
```

ENTER INMATE NUMBER   ►09879021      PIN # 0987   MAIL BOX #

INMATE NAME.........:TOWNSEND, BRUCE BERNARD              RESTRICTION.:00/00/00

```
INMATE UNIT.........:B2
SPECIAL SORT CODES..:
INMATE STATUS.......:A
OUTSTANDING CHECKS..:20.00
SPECIAL PURPOSE ORD.:.00
ENCUMBRANCE BALANCE.:.00
ACCOUNT BALANCE.....:20.42
VALIDATION CODE.....:04
VALIDATION LIMIT....:290.00
VALIDATION EXPENDED.:.00
AVAILABLE BALANCE...:.42
PERIOD PURCHASES....:.00
YTD PURCHASES.......:109.73
```

┌─────────────────────────────────┐
│ Press return ◄═╛ to review      │
│ transactions in detail -OR-     │
│ Press Home for controlled       │
│ item purchases        -OR-      │
│ Press Esc for next inquiry.     │
└─────────────────────────────────┘

```
          LAST 6 MO. DEPOSITS..:181.15
       LAST 6 MO. WITHDRAWALS..:109.73
```

```
LAST ACTIVITY DATE..:05/09/02                    FRP PLAN....:
LAST SALE DATE......:03/14/02                     FRP RATE....:00
ARRIVAL DATE........:02/01/02                     FRP AMOUNT..:0
DEPARTURE DATE......:00/00/00           RESTRICTED SPEND LIMIT:10.00
ARRIVE FROM.........:                    RESTRICTION EXPENDED:.00
TRANSFER TO.........:
```

```
ENTER INMATE NUMBER  ▶09879021      PIN # 0987   MAIL BOX #

INMATE NAME.........:TOWNSEND, BRUCE BERNARD
                                                 RESTRICTION.:00/00/00
```

```
INMATE UNIT.........:B2
SPECIAL SORT CODES..:
INMATE STATUS.......:A
OUTSTANDING CHECKS..:20.00
SPECIAL PURPOSE ORD.:.00
ENCUMBRANCE BALANCE.:.00
ACCOUNT BALANCE.....:20.42
VALIDATION CODE.....:04
VALIDATION LIMIT....:290.00
VALIDATION EXPENDED.:.00
AVAILABLE BALANCE...:.42
PERIOD PURCHASES....:.00
YTD PURCHASES.......:109.73
LAST ACTIVITY DATE..:05/09/02
LAST SALE DATE......:03/14/02
ARRIVAL DATE........:02/01/02
DEPARTURE DATE......:00/00/00
ARRIVE FROM.........:
TRANSFER TO.........:
```

```
┌─────────────────────────────┐
│ Press return ◀━┛ to review  │
│ transactions in detail -OR- │
│ Press Home for controlled   │
│ item purchases         -OR- │
│ Press Esc for next inquiry. │
└─────────────────────────────┘
```

```
      LAST 6 MO. DEPOSITS..:181.15
   LAST 6 MO. WITHDRAWALS..:109.73
                 FRP PLAN....:
                 FRP RATE....:00
                 FRP AMOUNT..:0
     RESTRICTED SPEND LIMIT:10.00
       RESTRICTION EXPENDED:.00
```

ORIGINAL

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2002 SEP 30  AM 9: 29

CLERK_____
SO. DIST. OF GA.

| | | |
|---|---|---|
| BRUCE TOWNSEND, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV402-148 |
| | ) | [CR498-106] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## O R D E R

After a careful <u>de novo</u> review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this 30 day of Sept , 2002.

B. AVANT EDENFIELD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

# United States District Court
### Southern District of Georgia

Bruce Townsend

_____ )

vs                                      )          CASE NUMBER    CV402-148

United States of America                )

_____ )          DIVISION       SAVANNAH

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 9/30/02 _____, which is part of the official record of this case.

Date of Mailing.          9/30/02 _____

Date of Certificate       [X] same date,       or   _____

Scott L. Poff,  Clerk

By: _Nancy Stephens_ _____
                    Deputy Clerk

Name and Address

Bruce Townsend, Federal Correctional Institution, 09879-021, 2600 Highway 301 South, Jesup, GA 31545
CRIMINAL

[X]  Copy placed in Minutes
[X]  Copy given to Judge
[ ]  Copy given to Magistrate