# Exhibit B

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2002 SEP -6 PM 4:10

CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

BRUCE TOWNSEND, )
　　　　　　　　　　　　　　)
　　　Movant, )
　　　　　　　　　　　　　　)
v. ) Case No. CV402-148
　　　　　　　　　　　　　　) [CR498-106]
UNITED STATES OF AMERICA, )
　　　　　　　　　　　　　　)
　　　Respondent. )

## REPORT AND RECOMMENDATION

Movant has filed a motion to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. For the following reasons, the Court recommends that the motion be DENIED.

## I. BACKGROUND

Movant was indicted on September 4, 1998 with thirteen co-defendants on charges of conspiracy to possess with intent to distribute and to distribute powder cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. Movant was also charged with two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). One of

Exhibit B5

the distribution charges was dismissed by motion of the government prior to trial. Movant was ultimately convicted on the conspiracy charge and acquitted on the remaining distribution charge on November 18, 1998. The Court sentenced movant on January 28, 1999 to 140 months of imprisonment, five years supervised release, and $100 special assessment. Movant appealed, and the Court of Appeals affirmed his conviction on August 15, 2001.

The present § 2255 motion was timely filed on June 26, 2002. Movant argues several grounds for relief in his motion. He maintains that the indictment in his case was defective because it did not allege a specific drug quantity and that this defect deprived the Court of subject-matter jurisdiction over his case. He contends that the Court erred in admitting videotaped hearsay statements of co-conspirators at trial and in allowing prosecuting counsel to refer to this evidence in closing argument. Movant also claims that the Court erred in enhancing his sentence for obstruction of justice. Finally, movant asserts an ineffective counsel claim, specifically arguing that counsel was ineffective in failing to object to the indictment; failing to object to the lack of a jury finding regarding drug quantity; failing

to object to the Court's drug quantity determination at sentencing; failing to argue for a sentencing adjustment for movant's minor role; failing to make a Rule 29 motion for judgment of acquittal; and failing to object to the Allen charge made to the jury.

## II. PROCEDURAL BAR

Absent extraordinary circumstances, this Court is precluded from considering claims in a § 2255 motion which were raised and rejected on direct appeal. Davis v. United States, 417 U.S. 333, 342 (1974); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994); Edwards v. United States, 795 F.2d 958, 961 (11th Cir. 1986); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981); United States v. Orejuela, 639 F.2d 1055, 1057 (3d Cir. 1981); United States v. Greer, 600 F.2d 468, 469 (5th Cir. 1979); Kastenbaum v. United States, 588 F.2d 138, 139 (5th Cir. 1979); Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978); Vernell v. United States, 559 F.2d 963, 964 (5th Cir. 1977); 3 Charles A. Wright, Federal Practice and Procedure § 593 n. 26 (2d ed. 1982).

On appeal, movant argued that the evidence at trial was insufficient to support his conviction for conspiracy. As part of this issue on appeal, movant contended that the Court erred in admitting the hearsay testimony of a co-conspirator. In addition, movant argued that his sentence was improperly enhanced based on charges in the indictment that were dismissed or acquitted. Finally, movant also challenged the probation officer's finding that he had given perjured testimony at trial and the subsequent sentencing enhancement based on that finding. All of these claims were unsuccessful on direct appeal, as the Court of Appeals affirmed the judgment of this Court. The Court is therefore not at liberty to reconsider these issues on this motion.

## III. PROCEDURAL DEFAULT

Previously available claims not timely raised are procedurally defaulted absent a showing of cause and prejudice. United States v. Frady, 456 U.S. 152, 167 (1982); Mills v. United States, 36 F.3d 1052, 1055-56 (11th Cir. 1994), cert. denied, 514 U.S. 1112 (1995); Cross v. United States, 893 F.2d 1287, 1289 (11th Cir. 1990); Greene v. United States, 880 F.2d

4

1299, 1305 (11th Cir. 1989). Specifically, movant did not challenge the denial of the Rule 29 motion or the Court's <u>Allen</u> instruction to the jury on appeal. He is precluded from raising these claims for the first time in this motion unless he shows cause and prejudice. Movant seeks to overcome his procedural default on these two issues by showing ineffective assistance of counsel. The Court will address movant's allegations of ineffective assistance of counsel separately.

## IV. <u>APPRENDI</u>

Movant cites <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), as support for the proposition that his indictment was defective because it did not allege specific drug quantities and that this defect deprived the Court of jurisdiction over his case. Because movant's ultimate sentence of 140 months fell below the statutory maximum under 21 U.S.C. § 841(b)(1)(C), <u>Apprendi</u> is not applicable. Nor is <u>Apprendi</u> applicable to movant's claim of lack of jurisdiction of the Court. Movant is not entitled to relief on either ground.

Apprendi adopted the principle that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. However, "Apprendi has *no effect* on cases in which a defendant's actual sentence falls *within the range* prescribed by the statute for the crime of conviction." U.S. v. Sanchez, 269 F.3d 1250, 1268 (11th Cir. 2001)(en banc). In Sanchez, the Eleventh Circuit addressed the similar facts of two defendants who were sentenced under § 841(b)(1)(C) for a cocaine offense without regard to drug quantity (as movant was) and expressly held that Apprendi "does not even apply when a defendant's actual sentence for a § 841 drug offense falls within the range." Id.; U.S. v. Gerrow, 232 F.3d 831, 834 (11th Cir. 2001), cert. denied 112 S. Ct. 75 (2000). Since movant's sentence of 140 months fell below the statutory maximum under § 841(b)(1)(C), the Court finds that there is no Apprendi error as there was "no need for a drug quantity to be submitted to a jury and proven beyond a reasonable doubt." Sanchez, 269 F.3d at 1269.

Movant's argument that the Court lacked jurisdiction over him because the indictment did not set forth a quantity of drugs has also been rejected by the Eleventh Circuit. U.S. v. Ford, 270 F.3d 1346, 1347 (11th Cir. 2001) ("Apprendi claims are not jurisdictional."); McCoy v. U.S., 266 F.3d 1245, 1249 (11th Cir. 2001). Movant's citation to Ex parte Bain, 121 U.S. 7 (1887), for the proposition that a defective indictment deprives a court of jurisdiction is misplaced; that case was recently overruled by the Supreme Court to the extent that it so held. See U.S. v. Cotton, 122 S. Ct. 1781, 1785 (2002). The Court finds that jurisdiction was proper over movant and that this claim of error also fails.

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant also alleges several omissions by his counsel in his trial and appeal that he argues establish an ineffective assistance of counsel claim. In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a showing that

7

"counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. Id.

Under the first prong, deficient performance is "that which is objectively unreasonable and falls below a wide range of competence demanded of attorneys in criminal cases." Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990). The reasonableness of the attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Strickland, 466 U.S. at 690. The petitioner must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (citation omitted).

Under the prejudice prong, a petitioner must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365,

8

375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The Court has held that the same Strickland test applies to claims of ineffective assistance of appellate counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986); Smith v. Murray, 477 U.S. 527, 535-36 (1986). In Jones v. Barnes, 463 U.S. 745 (1983), however, the Court held that the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue. Effective appellate counsel should 'winnow out' weaker arguments even though the weaker arguments may be meritorious." Id. at 751-52. "[A] deliberate, tactical decision not to pursue a particular claim is the very antithesis of the kind of circumstances that would warrant excusing a defendant's failure to adhere to a State's legitimate rules for the fair and orderly disposition of its criminal cases." Smith, 477 U.S. at 537.

With these considerations in mind, the Court will address each of movant's allegations.

### A. Defective Indictment and Lack of a Jury Finding

Movant asserts that his counsel was ineffective because he failed to object to an indictment that did not state a specific drug quantity. Movant

9

further claims that counsel erred in failing to object to the lack of a specific jury finding as to a drug quantity.

As the Court has noted earlier in this report, the indictment against movant was not defective under <u>Apprendi</u>. Movant's sentence of 140 months of imprisonment fell below the statutory maximum prescribed by statute; therefore, <u>Apprendi</u> does not even apply. <u>See</u> <u>Sanchez</u>, 269 F.3d at 1268-69. The lack of a jury finding of a drug quantity was also not a viable grounds for objection. There was "no need for a drug quantity to be submitted to the jury [or] proven beyond a reasonable doubt." <u>Id.</u> at 1269. Counsel's failure to object to the indictment or to the lack of jury finding of a drug quantity was reasonable and did not prejudice movant as either objection clearly would have been rejected under the law of this circuit.

### B.   Minor Role Adjustment

Movant argues that he was prejudiced by counsel's failure to argue for an adjustment in his sentence for his minor role in the offense. U.S. Sentencing Guidelines Manual § 3B1.2(a), (b). Movant maintains that the government conceded that his role in the conspiracy was minor.[1]

---

[1] The record shows, however, only that the government suggested that movant was "somewhat down the pyramid of distributors, sellers, transferees of cocaine" in

To achieve a downward adjustment in sentence reflecting a defendant's minimal or minor role in the offense, the defendant must carry the burden of proving such by a preponderance of the evidence. U.S. v. Rodriguez de Varon, 175 F.3d 930, 939 (11th Cir. 1999)(en banc). A court must examine the defendant's role in the relevant conduct he has been held accountable for at sentencing and his role in comparison with that of other participants in his relevant conduct. Id. at 940. An adjustment under § 3B1.2 is appropriate only when a defendant proves that "[he] played a minor role in the relevant conduct attributed to [him]." Id. at 941.

Movant's base offense level of 30 was calculated on the basis of four transactions in which movant sold a total of 38 grams of crack cocaine to Rufus Anderson. Sent. Tr. at 16. Movant could not have successfully argued that he was a minor participant in four transactions in which he personally participated, nor could he have contended that he was a minor participant in a much larger conspiracy scheme. See Rodriguez de Varon, 175 F.3d at 941 ("[A] defendant . . . cannot prove that she is entitled to a minor role adjustment simply by pointing to some broader criminal scheme

---

comparison with Bernard Williams, one of the other fourteen indicted co-conspirators. Trial Tr. at 592.

11

in which she was a minor participant but for which she was not held accountable.") As movant has failed to demonstrate prejudice, the Court finds that his claim of ineffective counsel on this ground fails.

### C. Sentencing Based on Dismissed and Acquitted Counts

Movant argues that he was improperly sentenced based on drug amounts contained in dismissed or acquitted counts of the indictment and that counsel failed to object to his sentence on these grounds. Counsel did raise this issue on direct appeal, and the Court's sentence was upheld by the Eleventh Circuit. The Court is prevented from reconsidering the issue on this motion.[2]

### D. Rule 29 Motion

Movant argues that counsel was ineffective in failing to make a motion for judgment of acquittal on the conspiracy charge. The record reflects, however, that counsel did make such a motion at the end of the government's case-in-chief. Trial Tr. at 429. Counsel's motion was denied,

---

[2] Additionally, since movant "has the right to directly appeal a sentence pursuant to the Sentencing Guidelines, [he] is precluded from raising Guidelines issues in collateral proceedings under § 2255." Martin v. U.S., 81 F.3d 1083, 1084 (11th Cir. 1996). In the absence of "a complete miscarriage of justice," nonconstitutional sentencing guidelines claims do not provide a basis for relief on collateral review. Burke v. U.S., 152 F.3d 1329, 1331 (11th Cir. 1998).

12

and this Court's ruling was confirmed by the Eleventh Circuit's finding that the jury's verdict on the conspiracy charge was supported by sufficient evidence. U.S. v. Chisholm, 273 F.3d 1109 (11th Cir. 2001)(unpublished table decision). Movant has not shown prejudice since the motion was made and the ruling subsequently upheld on appeal.

### E. Allen Charge

Movant's final contention is that counsel was ineffective in failing to object to a "coercive" Allen charge, and that the Court should have instructed the jury that it could be a hung jury. The Court instructed the jury in movant's case with the Eleventh Circuit's modified Allen charge. Trial Tr. at 672-73. Movant specifically objects to the portion of the Allen charge that references the costs of conducting the trial. The Eleventh Circuit has ruled that the language of the modified Allen charge is not "unduly coercive," including the specific language that movant challenges. U.S. v. Dickerson, 248 F.3d 1036, 1050-51 (11th Cir. 2001) (citing U.S. v. Rey, 811 F.2d 1453 (11th Cir. 1987)), cert. denied 122 S. Ct. 2659 (2002). Additionally, a defense counsel's decision to ask for an Allen charge instead of a mistrial, even if done against the client's wishes, does not rise to the

13

level of ineffective assistance of counsel. U.S. v. Burke, 257 F.3d 1321, 1324 (11th Cir. 2001).

Movant's argument for ineffective assistance of counsel on this ground then also fails. The Court finds that counsel's action in not objecting was reasonable and that the Allen charge given by the Court was unobjectionable under the law of this circuit. Movant was not prejudiced by counsel's failure to object, as he has failed to show a reasonable probability of a different result.

## VI. CONCLUSION

For the foregoing reasons, the Court finds that movant fails to present grounds on which § 2255 relief may be granted. Accordingly, the Court recommends that the motion be DENIED.

SO REPORTED AND RECOMMENDED this __6th__ day of September, 2002.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA