UNITED STATES district court
FOR THE DISTRICT OF COLUMBIA

Bruce Bernard Townsend, sui
juris, propria persona, Public
Minister,
   PLAINTIFF,

CIVIL ACTION NO. 06-00149[RMU]

-VS-

WARDEN Jose Vazquez; et.al.,
   DEFENDANT(S).  /

## ACCEPTANCE OF THE DEFENDANTS CEDING TO CLAIMS BUT OBJECTIONS IS GIVEN TO THE RES JUDICATA CLAIM

Notice! Plaintiff Bruce Bernard Townsend, Public Minister, sui juris, is brought under jurisdiction of the American Flag of Peace, Title 4USC§1, By Plaintiff. Plaintiff at all times relevant, claims all unalienable substantive rights, protections at no time waiving or yielding up any unalienable substantive rights, protections claimed by Plaintiff. "Without-Prejudice, Unlimited liability capacity, All Rights Reserved.

 Plaintiff Bruce Bernard Townsend comes now before this Court in acceptance of the Defendant(s) position to cede to his claims, but prays that this Court does not allow the unsquare tactic of word manipulation under the guise of the term res judicata to allow the Defendant(s) to dismiss his claim.

 Plaintiff squarely raises the following issues (1) that these claims are not the same as referred to by Defendants, (2) the merits of these claims have never been ajudicated, (3) beyond jurisdiction is completely different from an claim of excessive jurisdiction in §2255, (4) 28USC§2072(b) stare decisis claim has never been raised, (5) Privacy Act claim has never been raised prior to the exhausting of remedies by Plaintiff, and (6) this custody is illegal therefore the ends of justice can be met by a squarely held review upon the merits. **Plaintiff moves for the Defendants' to provide proof of claim if they hold opposition to these 6 points.**

 Plaintiff understands that all AUSA first defense is try an find a procedural bar rather than deal with a constitutional issues upon the merits, but justice is not a manipulation of power but rather an administering of it. For this reason Plaintiff hopes you will squarely accept this legal position and not try to unjustly have his claim dismiss. For all employees of the Government must remember that all their works becomes stones of this society, so let them be truth and justice.

I.  <u>ISSUE (1-6)</u>

Plaintiff recognizes that the Defendants are trying to place this claim as a basic Apprendi, Blakely, Fanfan claim which is **completely incorrect.** The issues raised in Plaintiff's §2255 was upon the sentencing issue of drug amount and drug type. **The issues being raised in this Writ is upon §2072(b) and Rule§1/§54 establishing his custody has previously been invalidated by a Supreme Court and Congress's Enabling Rule Act/Supression Clause due to void jurisdiction.** The B.O.P has Administrative Remedies being informed of this and have failed to investigate or act, this clearly a different claim from that held in §2255.

The claim of the B.O.P providing inaccurate information on its website and to the U.S. Treasury that this Plaintiff is in its custody legally, thus violating the **Privacy Act has not been litigated in the §2255 either.** These <u>claims have never been adjudicated on any earlier application of Writ</u>.

The Defendants have made every attempt to not address the Congress exclusive legislative jurisdiction and the holdings of this claim that §2072(b) has been establish by the Supreme Court and Congress invalidating any judicial decision in conflict with. Invalidation because no jurisdiction ever <u>existed</u> is totally opposite of §2255 drug amount claim which only held an excessive jurisdiction. Plaintiff was well aware that the Defendants would choose to take the position of trying to cross the two, for that reason it was held in the original brief that "even if the court chooses to allow the void custody to stand, the Court must still consider that the sentence was determined by the sentencing judge on a drug amount not found beyond a reasonable doubt", paraphrasing this point was to make clear that the position of this motion is totally opposite of this but the Court is called to consider if it choose to ignore the first point there is still the fact that this Plaintiff is being denied the ends of justice all the way around. **Therefore providing proof these are two different claims.** Now the Defendants may hold that the Court is precluded from considering that point but the claim pursuant to §2072(b) and previously invalid custody and Privacy Act the Defendants have no legal ground to take such a position pursuant to (see Conclusion of original motion)

(1)²

the position of a Res Judicata objection. For the construing this as a sentencing challenge has been clarified even in the **Amendment to Objection Motion.**

Judiciary and Judicial Procedure Act,ch.646, 62 Stat. 965(1948)(codified as amended at 28USC§2244). As noted,the **"ends of justice"** language came from Salinger v. Loisel,supra. Noting that the extant habeas corpus statute did "not lay down any specific rule" on relitigation and that "[a]t common law the doctrine of res judicata did not extend to a decision on habeas corpus," Salinger relied on the general language in the Habeas Corpus Act of 1867 requiring federal courts to ""dispose of [petitions] as law and justice requires.""(Salinger v. Loisel,supra 265 U.S. at 230-31) This instant case does not entail a relitigation/same claim petitions but it does entail a petition to be disposed of as law and justice requires. For this petition entails a stare decisis holding that is retroactively applicable made by the Supreme Court with support by Congress,thus making it law. (see also Brecht v. Abrahamson,507 U.S. 619,633-35(1993)

**The Defendants have not held that the Supreme Court and Congress stare decisis decision does not apply in this instant case, therefore this Court must make the finding upon record. For this Custody is Void and a violation of 18USC§4001(a).** The Federal Question pursuant to §2072(b), the Privacy Act pursuant to 18USC§4007 and the U.S Treasury, and can the Defendants after being informed that custody is void fail to investigate or act thereby violating **18USC§4001(a)** are the central points of this Habeas Corpus, and not the drug type an amount as held by the Defendants. These claims have been exhausted before the custodians and the B.O.P therefore they are not precluded from review pursuant to the 14th Amendment right of Equal treatment and Due Process. Let not the Liberty Interest of this man be buried in the shallow grave of unjust judicial review but rather the Constitution and constitutionality of these claims be raised to a living perpendicular, thus squarely revealing the truth and justice that is enshrined in the American System of Law.

Plaintiff squarely moves for this to be tried liberally as pursuant to Haines v. Kerner.

(2)

May it also be noted that this motion in correspondence with previous objections stands as the objection to the Defendants new position.

Squarely submitted this 8th day of May, 2006C.E.

/s/
Bruce Bernard Townsend, Public Minister,

CC.FILE

I CERTIFY THAT I HAVE SENT A COPY
OF THIS MOTION TO THE PARTY
CLAIRE WHITAKER, AUSA
555 4TH STREET, N.W., ROOM E-4204
WASHINGTON, D.C. 20530

UNITED STATES district court
FOR THE DISTRICT OF COLUMBIA

Bruce Bernard Townsend, Public
Minister, sui juris,
        Plaintiff,      CV#06-00149[RMU]

-VS-

B.O.P; JOSE VAZQUEZ, WARDEN;
ALBERTO GONZALES, ATTORNEY
GENERAL,
        DEFENDANTS            /
_____

### AFFIDAVIT/AVERMENT

    I, Bruce Bernard Townsend, Public Minister, sui juris comes now to present this Affidavit/Averment to the best of my knowledge as the Truth, the whole Truth and nothing but the Truth, so help me God.

I. I Affiant Public Minister Bruce Bernard Townsend at all times relevant claim all unalienable rights, substantive rights and protection at no time waiving any.

II. I Affiant have not seen any evidence that proves that my previous filed §2255 claims are the same as my §2241 before the district court of the DISTRICT OF COLUMBIA.

III. I Affiant hold that the claims of my §2255 are completely different than the holdings of the §2072(b), Privacy Act and Void Jurisdiction.

IV. I Affiant have not seen any evidence that the DEFENDANTS have challenged the merits of my claims, that would show I Affiant am not entitled to relief.

Squarely submitted this 5th day of ___May___, 2006 C.E.

/s/ _____
Bruce Bernard Townsend, living man, sui juris
Public Minister,


*right thumb*

AFFIDAVIT OF PUBLIC MINISTER ON RES JUDICATA---PAGE (1) OF (1)